## PARKS *v.* BARKHAM.

Where there has been misnomer of the defendant, in replevin, under R. S. 1838, the circuit court may, after service of the writ, but before the execution of the replevin bond, permit the plaintiff to file a new affidavit, and thereupon to amend the writ by inserting the true name of the defendant.

Parks *v.* Barkham.

CASE reserved from Oakland circuit court. Replevin. The proceedings were instituted against the defendant by the christian name of *James.* After the affidavit had been filed and the writ issued and served, but before the execution of the replevin bond, it was discovered that the defendant's name was *Joseph ;* and the plaintiff thereupon moved the circuit court for leave to amend the affidavit and writ by inserting the latter name.

*Parks,* in person, in support of the motion.

*Stevens,* contra.

*By the court,* WHIPPLE, C. J.   My impression at the circuit was that the motion should be denied, for the reason that the affidavit, which was the foundation of the proceedings, could not be amended.   My attention, however, was not drawn to the proviso contained in the 2nd sec. of chap. 5, title 4, part 3 of the Revised Statutes of 1838.   By the terms of that proviso, a motion to quash a writ of replevin, in case the same issued before the filing of the proper affidavit, is to be denied, provided the plaintiff should, within such time and upon such terms as the court might direct, file with the clerk the affidavit required by law.   A liberal interpretation of the statute will authorize the court, not to direct the affidavit already filed to be amended, but to authorize the filing with the clerk of a new affidavit.

In the case before us, the service of the writ was on *Joseph* Barkham, to whom the bond in replevin was executed, and we see no reason why the plaintiff may not, under the broad provisions of the proviso above cited, file another affidavit, alleging the property to have been wrongfully detained by *Joseph* instead of *James* Barkham, previous to the issuing of the writ.

The process, being served on the proper person, though by a wrong name, may be amended; this our statute of amendments allows.

We are of opinion that the motion to amend the writ be allowed, upon the filing by the plaintiff of a new affidavit, under such terms as the circuit court may prescribe.

*Certified accordingly.*