JOHN WELCH v. CHARLES F. HULL, HARRY HULL, AND EDMUND H. COOK.

*Pleading—Declaration against copartners—Misnomer—Amendment of pleadings.*

In cases of undesigned misnomer, where the interests of substantial justice will allow it, without a real change in the identity of the opposing litigants, an amendment will be allowed.

So *held*, where a suit was commenced against three defendants, as copartners, upon a firm debt, and a mistake was made in the Christian name of a non-resident member of the firm, who was not served, and the remaining defendants, who were served, appeared and recognized the fact that the suit was against the firm, and, without apprising plaintiff of his mistake, waited and made the objection on the trial, when the plaintiff moved to amend by inserting the true name of the non-resident copartner.

Error to Saginaw. (Gage, J.) Argued October 23, 1888. Decided November 28, 1888.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*W. S. Tennant,* for appellant, contended :

1. The court has power to amend any process, pleadings, or proceedings in any action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein; citing How. Stat. § 7631; *Long v. Circuit Judge,* 27 Mich. 165; *Hopkins v. Briggs,*

41 Id. 175; *Collins v. Beecher*, 45 Id. 437; *Cummin v. Wilcox,* 47 Id. 501; *Chapman v. Colby*, Id. 47; and corrections in the names of parties may be made; citing *Parks v. Barkham*, 1 Mich. 95; *Merrill v. Kalamazoo*, 35 Id. 211; *Final v. Backus,* 18 Id. 218; *Mfg. Co. v. Vroman*, 35 Id. 319; *Barber v. Smith,* 41 Id. 145.

2. The refusal of the circuit judge to exercise his discretion, on the ground of want of power, is error in law, for which a new trial will be granted; citing *Russell v. Conn*, 20 N. Y. 83.

*Wheeler, McKnight & Grant,* for defendants, contended:

1. The amendment would have been useless, because judgment could not be taken against the two other defendants. George F. Hull was not in court, and never had been served. He was not Harry Hull under another name, but a distinct individual; citing *Anderson v. Robinson*, 38 Mich. 409.

MORSE, J. This suit was commenced by summons in the circuit court for the county of Saginaw. The writ commanded the sheriff—

"To summon Charles F. Hull, Harry Hull, and Edmund H. Cook, composing the firm of Hull Bros. & Cook,   *   *   *   to answer unto John Welch," etc.

It was dated June 6, 1887, and the return day was June 7. On June 6 the sheriff served the same upon the defendants Charles F. Hull and Edmund H. Cook, and made his return June 7, 1887, without any service on Harry Hull, who was not mentioned in the return. June 18, 1887, the following notice of retainer was served upon W. S. Tennant, the attorney for plaintiff:

"THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW.
" *John Welch v. Charles F. Hull, Harry Hull, and Edmund H. Cook, composing the firm of Hull Bros. & Cook.*

"SIR: Please to take notice that we are retained as attorneys for the defendants in this cause.
" *Dated June* 18, 1887.
                    "WHEELER, McKNIGHT & GRANT,
                                        "Defendants' Attorneys.
"To W. S. TENNANT,
        "Plaintiff's Attorney."

June 23, 1887, Tennant, as attorney for the plaintiff, filed a declaration in the cause, complaining—

"Of Charles F. Hull, Harry Hull, and Edmund H. Cook, composing the firm of Hull Bros. & Cook, who have been duly summoned in this cause," etc.

The declaration was in *assumpsit*, and consisted of a special count, to which the common counts were added. The defendants filed the following plea of the general issue:

"STATE OF MICHIGAN,
"The Circuit Court for the County of Saginaw—*ss.*
"John Welch v. Charles F. Hull, Harry Hull, and Edmund H. Cook.
"The defendants, Charles F. Hull, Harry Hull, and Edmund H. Cook, by Wheeler, McKnight & Grant, their attorneys, come and demand a trial of the matters set forth in the plaintiff's declaration.
"WHEELER, McKNIGHT & GRANT,
"Attorneys for Defendants.
"Filed July 2, 1886.
"FRED. A. KING, Clerk."

It is evident, from all the proceedings, and from the testimony adduced by plaintiff on the trial, that this was a suit commenced and carried on by the plaintiff against the copartnership of Hull Bros. & Cook.

The cause came on for trial March 27, 1888. The plaintiff proved his cause as declared upon against the firm of Hull Bros. & Cook, but testified that he did not know who were the individuals composing the firm. The defendants then moved to strike out all of plaintiff's testimony, because there was no evidence tending to show that defendants were liable, or to show that defendants composed the firm of Hull Bros. & Cook.

Plaintiff then offered and read in evidence the deposition of Charles F. Hull, taken in the case on the part of the defendants, which proved, among other things,

73 MICH.—4.

that the firm of Hull Bros. & Cook was composed of Charles F. Hull, George F. Hull, and Edmund H. Cook.

Plaintiff's attorney then filed his affidavit, showing that by false information he was led to believe that the name of said defendant was "Harry," and that it was a misnomer of the true name of the real defendant, George F. Hull; that he knew said George F. Hull was a non-resident of this State; and that he did not bring suit against Harry Hull, of East Saginaw, or any such person.

One George Grant was also sworn as a witness, who testified that there was a Harry Hull, a brother of the defendant Charles F. Hull. At the time this suit was commenced he was in East Saginaw, and driving a milk-wagon for Hull Bros. & Cook in their business and employ. George F. Hull is also a brother of Charles F. Hull, and a traveling man, with his home or head-quarters at Chicago, Ill.

Plaintiff then moved that he be allowed to amend the proceedings in the cause by striking out the name "Harry" wherever it appeared, and inserting instead the name "George F." The circuit judge denied the motion, holding that the summons had been issued against "Harry Hull;" that he had appeared in the case, and to allow, at that stage of the case, a discontinuance as to "Harry Hull," or an amendment of pleadings and insertion of "George F. Hull," would be to admit a new party to the record, and that he had no authority to allow such an amendment. Thereupon, no further evidence being given, the court directed a verdict for the defendants. The correctness of the ruling of the circuit judge is the question to be determined here.

I think the judge erred. The suit was planted and tried on the part of the plaintiff against the copartner-

ship of Hull Bros. & Cook. While there was a "Harry Hull" living in East Saginaw, and a brother of one of the firm sued, no service was had upon him, and it is clear he was not the man intended to be sued as one of the copartners. In the notice of retainer the attorneys for the defendants appeared for the copartnership. It is true, in their plea they did not mention the copartnership, but there is no showing that the "Harry Hull," in existence, and not a member of the firm of Hull Bros. & Cook, ever employed these attorneys to defend, or that he knew anything about the suit. He was not in fact a party to the suit, nor was it intended by any one that he should be. The name "Harry" was without doubt a misnomer for George F., who was the copartner, and the real man intended to be sued, and for whom the defense was being conducted, when such defense was made for the firm to which he belonged. It cannot be said that they technically and fully appeared, so that he would be individually bound by any judgment that might be obtained by the plaintiff; but nevertheless it would not be a discontinuance against Harry Hull, who had not been sued, and had not appeared, nor the substitution of a new party to the suit, by striking out the name "Harry," and inserting "George F."

The suit in terms ran against three individuals as copartners, and the subject-matter of the suit grew out of a transaction with a copartnership, and not with the defendants in their individual character. It was defended as such, and no change in the suit, or in the parties, would have been made by the proposed amendment. Such an amendment is authorized by the statute (How. Stat. § 7631), and it has been repeatedly held by this Court that, in cases of—

"An undesigned misnomer, and where the interests of

substantial justice will allow it, without a real change in the identity of the opposing litigants,"—

Such amendments will be permitted. *Parks v. Bark-ham*, 1 Mich. 95; *Merrill v. Kalamazoo*, 35 Id. 211; *Kim-ball & Austin Mfg. Co. v. Vroman*, Id. 319; *Final v. Backus*, 18 Id. 218; *Barber v. Smith*, 41 Id. 145 (1 N. W. Rep. 992).

George F. Hull cannot be harmed by this amendment. Although the judgment will run against him in form as a joint debtor, as one of the members of the firm of Hull Bros. & Cook, it cannot be enforced against his sole property, nor used as evidence against him in any other suit to fix his liability.   How. Stat. §§ 7730–7733.

The execution can take only partnership property, and his being served with process could add nothing in this respect, as two of the firm were served, and appeared and defended. The service of process in this case upon him was not intentionally omitted. It appears that he was not within the jurisdiction of the court. There was therefore no abuse of the writ. The defendants who were served were also apprised, not only by the summons, but by the declaration, that the plaintiff intended to sue the copartnership, and that he had made a mistake in the name of one of the copartners. In their notice of retainer, they recognized and accepted the fact that the suit was against the firm of Hull Bros. & Cook. It was an easy matter for them to notify George F. Hull of this suit, and he could have appeared and defended at any time. Instead of doing so, they misled the plaintiff by their notice of retainer into the belief that he had named the members of the copartnership correctly, and then, after he had made his case on the merits upon the trial, sought to defeat his recovery by a technicality,—a mistake,—the correction of which would affect no substantial right, and a mistake which they had confirmed

by their action in serving the notice of retainer. The judgment of the circuit court will be reversed and vacated. The amendment must be allowed, and a new trial granted, with costs to plaintiff.

If George F. Hull is apprehensive that any of his rights are likely to be jeopardized by this action, he can appear and help his copartners defend the suit, or he can remain where he is, and let the others defend, and, in case of judgment against the copartnership, let the partnership property pay the debt. In either of such cases no substantial right is taken away from him without due process of law. *Brooks* v. *McIntyre,* 4 Mich. 316; *Gunzberg* v. *Miller,* 39 Id. 80; *Ralston* v. *Chapin,* 49 Id. 274 (13 N. W. Rep. 588).

To deny this amendment, however, would be to deny justice. The result would be the mulcting of the plaintiff in costs on a mere technicality, which the statute of amendments aims to prevent, and to put him to the expense of another suit upon the merits, which in the end this copartnership must meet.

The other Justices concurred.