CLEVELAND *v.* ROTHSCHILD.

PLEADING—AMENDMENT—CHANGE IN CAUSE OF ACTION.
   In a suit to recover the purchase price of certain capital stock
   which defendant agreed in writing to purchase before the
   corporation was organized, plaintiff declared for the price of
   1,250 shares at $5,000, as set out in the contract.   On the trial it
   appeared that the corporation, by agreement of all parties, was
   actually organized with one-fifth the number of shares origin-
   ally contemplated, but with the same assets, and defendant re-
   ceived 250 of the shares.   *Held,* that an amendment of the
   bill of particulars in accordance with the proof did not intro-
   duce a new cause of action and should have been allowed,
   under the statute of amendments.   3 Comp. Laws, § 10268.

Error to Wayne; Rohnert, J.   Submitted October 5,
1904.   (Docket No. 12.)   Decided October 26, 1904.

Assumpsit by William H. Cleveland against Sigmund
Rothschild to recover the purchase price of certain corpo-
rate stock.   There was judgment for defendant on a ver-
dict directed by the court, and plaintiff brings error.   Re-
versed.

*Tarsney & Fitzpatrick* and *R. I. Lawson,* for appel-
lant.

*Chamberlain & Guise* ( *Elliott G. Stevenson* and *Leo
M. Butzel,* of counsel), for appellee.

MOORE, C. J.   This suit is brought to recover the sum
of $5,000 and interest thereon, which plaintiff claims is
due him from the defendant.   The case has been here be-
fore, and a reference to it as reported in 132 Mich. 625 will
make a long statement here unnecessary.   The declara-
tion was upon the common counts, with a bill of particu-
lars as follows:

"(1) For the price and value of 1,250 shares of the cap-

ital stock of the Cleveland Stone Company, a corporation, sold and transferred by plaintiff to defendant September 25, 1892, $5,000.    *    *    *    (2) September 25, 1892, it was agreed in writing between the said plaintiff and defendant that said defendant should receive 1,250 shares of the capital stock of the Cleveland Stone & Supply Company which said company was incorporated under the name and style of the Cleveland Stone Company, in consideration of $5,000 to be paid to said plaintiff as a bonus, which said sum of $5,000 so agreed to be paid to the plaintiff by the defendant the plaintiff seeks to recover in this action, together with interest thereon from October 1, 1892.

"Dated at Detroit this 19th day of March, A. D. 1896."

The plea was the general issue, with notice of set-off.

On the trial plaintiff moved to amend his bill of particulars by adding the following item:

"To the agreed price and value of 250 shares of the capital stock of the Cleveland Stone Company, said 250 shares being equivalent, both as to number of shares and value, to 1,250 shares of stock mentioned in a written agreement between the plaintiff and defendant and John H. Brown, dated September 28, 1892, $5,000."

Defendant objected to the proposed amendment, and it was denied by the court for the reason that it stated a new cause of action against which the statute of limitations had run.    The judge was of the opinion he had no power, as a matter of law, to permit the amendment, and stated, if he thought he had any discretion, he would have exercised it, and permitted the amendment.    The defendant claimed the plaintiff had not made out performance of the written contract of September 28, 1892.    Also that the proofs show that some time in the month of April or May, 1893, the parties made a new agreement, and that recovery must be had upon such new agreement, or not at all.    The learned trial judge took this view of the matter, and directed a verdict for defendant.

The defendant insists here, as he did in the court below, that the proposed amendment introduced a new cause of action, and the trial judge did not possess the power to allow it.    Is this contention correct?    The record discloses

that when the contract of September, 1892, was made the business was not conducted by a corporation, but one was to be formed for that purpose, which was to take over the business and agreement then existing between Mr. White, owner of the Anderson quarry, and Mr. Odette and Mr. Cleveland. The entire assets of the proposed company consisted of the business and agreement which it was to so take over. The company was to be capitalized in the sum of $50,000, for which 5,000 shares of stock of the par value of $10 each were to be issued. 1,250 shares of this stock were to be issued to defendant, for which he was to pay Mr. Cleveland $5,000 as a bonus. The record also discloses that plaintiff gave evidence tending to show that by the mutual consent of all the parties, including the defendant, instead of incorporating with a capital of $50,000, a company was incorporated with $10,000 capital, of which 250 shares of the par value of $10 each were issued to defendant.

The statute of amendments reads (section 10268, 3 Comp. Laws):

" The court in which any action shall be pending, shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

It will be observed that the assets of the proposed company and of the company which was in fact formed consisted of the same things. It will also be observed that defendant was to have one-fourth of all the shares of stock which were to be issued in the proposed company, and, if the evidence offered by the plaintiff is true, that he in fact obtained one-fourth of all the shares of stock in the company which was formed. We think it clear that he obtained just what was intended in the first instance, and that the proposed amendment did not set up a new cause of action. The statute we have quoted authorized the circuit judge to allow the proposed amendment. As he states he would have allowed it if he had supposed he had

any discretion in the matter, the judgment is reversed, and a new trial ordered. See *Welch* v. *Hull*, 73 Mich. 47; *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 499; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.