## DALY v. BLAIR.

1. AMENDMENTS—PARTIES—RECEIVERS—RAILROADS.

Under the discretionary authority which is vested in the trial court, it was erroneous not to permit plaintiff, in an action against the receivers of a railroad corporation, to amend his declaration so as to make the corporation a party defendant in place of the receivers, upon a motion being made for the direction of a verdict, when it appeared that a station agent of the company had been served with the declaration and rule to plead, and the declaration stated a cause of action against the proper defendant for personal injuries.

2. MISNOMER—PARTIES—AMENDMENT.

A corporation that is made a party to an action under a wrong name, process being served on the right agent or

person, may be duly made a party by amendment at the trial.

3. Appeal and Error—Discretionary Orders—Amendment.

   The refusal of a right to amend at the trial, so as to substitute for the defendants named, a corporation for which they were receivers, is reviewable on writ of error.

   Ostrander, J., dissenting.

Error to Berrien; Bridgman, J. Submitted November 20, 1913. (Docket No. 84.) Decided December 19, 1914.

Case by John Daly against Frank Blair and others, as receivers of the Pere Marquette Railroad Company, for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed.

*O'Hara & O'Hara,* for appellant.

*Bills, Parker, Shields & Brown* (*Gore & Harvey,* of counsel), for appellees.

Bird, J. Plaintiff was injured at the intersection of a highway crossing with the Pere Marquette Railroad in Berrien county, on March 12, 1912. On April 5, 1912, receivers for the railroad were appointed. Suit was commenced by declaration on February 26, 1913. The declaration named the receivers as defendants, but counted upon a cause of action against the railroad company. The return of service shows that the declaration was duly served on the station agent of the Pere Marquette Railroad Company at St. Joseph, in Berrien county. The receivers appeared by counsel and pleaded the general issue. Upon the trial it soon developed by the proofs that the accident occurred prior to the appointment of the receivers. Defendants' counsel moved for a directed verdict, on the ground that no recovery could be had against the receivers for injuries which were incurred prior to their appointment. It appearing to plaintiff's counsel that

this was a correct statement of the law, he thereupon asked the trial court for permission to amend his declaration by striking out the names of the receivers and substituting therefor the railroad company. This request was denied, but, in doing so, the court said:

"If it was a discretionary matter with the court, I should feel inclined to allow, under proper terms and conditions, such amendment, but there is, I am convinced, no power in this court to allow an amendment substituting new parties or the railway corporation; and upon that ground I place the decision."

Verdict was accordingly directed for the defendants, and the plaintiff has assigned error in this court.

In support of his contention that the trial court had the power, under our statute of amendments, to make the amendment, plaintiff's counsel cite several cases in which receivers have been substituted by amendment for the company, and the company for the receivers, but in nearly all the cases cited the misnomer occurred with reference to the plaintiff. In the case of a misnomer of the plaintiff, the party proposed to be substituted is usually the petitioner, and therefore no question of service of process arises. But in the case of a misnomer of the defendant, the vital question always is whether the party proposed to be substituted has been served with process. Unless it can be said that the Pere Marquette Railroad Company has been served with process in this suit, the amendment sought by plaintiff is clearly beyond the power of the courts to permit.

A rule which has been sometimes followed in correcting misnomers in pleadings is that:

"Where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted." 31 Cyc. p. 488.

The declaration in the insant case clearly defined and counted upon a cause of action against the railroad company, and not against the receivers. The return of service shows that a copy of the declaration was duly served upon the railroad company. True, it named the receivers of the road as defendants, but the paper upon its face advised the agent of the railroad company that the negligence of the railroad company was relied upon for a recovery in the suit. In view of these circumstances, we think it was within the power of the trial court to allow the amendment. *Solmonovich* v. *Tramway Co.*, 39 Colo. 282 (89 Pac. 57) ; *Ward* v. *Construction Co.*, 189 N. Y. 542 (82 N. E. 1134) ; *Bainum* v. *Bridge Co.* (C. C.), 141 Fed. 179; *Hernan* v. *Bridge Co.*, 167 Fed. 930, 93 C. C. A. 330. See, also, *Welch* v. *Hull,* 73 Mich. 47 (40 N. W. 797) ; *Tuller* v. *Ginsburg,* 99 Mich. 137 (57 N. W. 1099).

The point is made and argued by defendant that the order denying the motion was a discretionary one, and therefore will not be reviewed by this court, even though it should be held that the trial court had the power to grant the amendment. In support of this contention, the case of *Polhemus* v. *Ann Arbor Sav. Bank,* 27 Mich. 44, and *Lyle* v. *Cass Circuit Judge,* 157 Mich. 33 (121 N. W. 306), are cited. The *Lyle Case* is not in point, as the question there decided was that a discretionary order would not be reviewed on mandamus. Three of the five justices sitting in that case expressly held that such orders were reviewable upon writ of error. The *Polhemus Case* is authority for counsel's contention, but that case must give way, so far as it is in conflict with the many cases since decided by this court, in which it is held that such discretionary orders are reviewable on writ of error. The following are a few of the many cases so holding: *Pangborn* v. *Insurance Co.,* 67 Mich.

683 (35 N. W. 814) ; *Pratt* v. *Montcalm Circuit Judge,* 105 Mich. 499 (63 N. W. 506) ; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge,* 114 Mich. 417 (72 N. W. 249) ; *Skutt* v. *Kent Circuit Judge,* 136 Mich. 477 (99 N. W. 405) ; *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274 (99 N. W. 1) ; *Jones* v. *Wayne Circuit Judge,* 141 Mich. 408 (104 N. W. 692).

In *Cleveland* v. *Rothschild,* 138 Mich. 90 (101 N. W. 62), the trial court refused to permit the amendment asked, on the ground of a mistaken want of power. This is the same reason assigned in the *Polhemus Case;* yet, this court reviewed it upon error. The cases of *Welch* v. *Hull,* 73 Mich. 47 (40 N. W. 797), and *Wood* v. *Lenawee Circuit Judge,* 84 Mich. 521 (47 N. W. 1103), are analogous cases as to this question.

If we consider the order made in this case as a discretionary one, it is properly here on writ of error.

The judgment will be reversed, and a new trial granted.

McALVAY, C. J., and BROOKE, KUHN, STONE, MOORE, and STEERE, JJ., concurred with BIRD, J.

OSTRANDER, J. There was no misnomer of defendants, and no question of discretion was or is involved. The court had no right to permit the elimination of the defendants named in the declaration and the substitution of a new defendant. The judgment should be affirmed.