PRICE *v.* DELANO.

1. PROCESS—RAILROADS—RECEIVERS—AMENDMENT—PARTIES.

In an action · against the receivers of a railroad corporation, plaintiff's proposed amendment of the declaration so as to introduce the corporation as the party defendant in place of the receivers was properly denied, where the return of service showed that the declaration was delivered to a station agent of the railroad, and failed to show for what company or persons the agent was acting; the return was not sufficiently definite to warrant the amendment and the action of the court in declining to substitute the corporation as defendant was right.

2. SAME—JURISDICTION—GENERAL ISSUE—CONSENT.

An appearance and plea of the general issue in a cause naming as the defendants the receivers of a railroad corporation, and further stating that the defendants appeared by their attorney and demanded a trial, etc., was not a sufficient appearance for and in behalf of the railroad corporation, although correct and proper as to the receivers. ·

Error to Wayne; Gage, J., presiding. Submitted April 16, 1915. (Docket No. 143.) Decided June 14, 1915.

Case by Edward L. Price against Frederick A. Delano and others, as receivers of the Wabash Railroad Company, for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Dohany & Dohany,* for appellant.

*Rufus G. Lathrop (Alexander L. Smith* and *Gustavus Ohlinger,* of counsel), for appellees.

MOORE, J. Plaintiff was injured while in the employ of the Wabash Railroad Company in November, 1910.

187 Mich.—4.

The above named receivers were appointed in December, 1911. This suit was commenced in April, 1913. The declaration named the receivers as defendants, but counted upon a cause of action against the railroad company.

Upon the opening statement of counsel it appeared, as stated above, that the accident occurred prior to the appointment of the receivers. Counsel for defendant moved for a directed verdict on the ground that no recovery could be had against the receivers for injuries which were incurred prior to their appointment. It appearing to plaintiff's counsel that this was a correct statement of the law, he asked the trial court for permission to amend his declaration, and that the names of the receivers simply be treated as surplusage, and the cause proceed against the Wabash Railroad Company. This proposed amendment was denied, and a verdict directed. The case is brought here by writ of error. Counsel say the case is on all fours with *Daly* v. *Blair*, 183 Mich. 351 (150 N. W. 134), and that the amendment should have been permitted.

Counsel for appellees say that much stress was put in the opinion in *Daly* v. *Blair, supra,* upon the fact that the declaration was duly served upon the station agent of the railroad company, and deny that this was done in the instant case. It becomes important, then, to examine the return of service. It reads, omitting some formal parts:

"John A. Kokowicz, being duly sworn, deposes and says that on Saturday, the 12th day of April, A. D. 1913, at the city of Detroit, in said county of Wayne, he served a true copy of the within declaration on the Wabash Railroad by then and there, at the place and on the date above mentioned, delivering to Mr. Anthony Wolfschlager personally, city ticket agent, a true copy of said declaration."

It will be observed that the words used are "Wabash Railroad," instead of "Wabash Railroad Company."

Perhaps, under the rule stated in *Daly* v. *Blair, supra,* the omission of the word "Company" might be cured, but what shall be said of the language, "by * * * delivering to Mr. Anthony Wolfschlager personally, city ticket agent, a true copy," etc.? For whom was he city ticket agent? We think this return is too indefinite to bring the Wabash Railroad Company into court.

But it is said there was an appearance and plea of the general issue, thus giving the court jurisdiction. This makes it important to refer to the appearance and plea. They read as follows:

"STATE OF MICHIGAN—The Circuit Court for the County of Wayne.
"EDWARD L. PRICE, Plaintiff,
      *v.*
"FREDERICK A. DELANO *et al.,*
      "Receivers of the Wabash Railroad,
          "Defendants.
"Now comes the said defendants, by Rufus G. Lathrop, their attorney, and demand a trial of the matters set forth in said plaintiff's declaration.
                    "RUFUS G. LATHROP.
                        "Attorney for Defendants."

This would undoubtedly be a good appearance and plea, so far as the receivers are concerned, but we do not think the Wabash Railroad Company is brought into court by it. The case is clearly distinguishable from *Daly* v. *Blair, supra.*

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, and STEERE, JJ., concurred with MOORE, J.

BIRD, J. The failure of the return to show a valid service on the defendant proposed to be substituted clearly distinguishes this case from *Daly* v. *Blair.*