[Civil No. 2045.  Filed May 15, 1923.]

[215 Pac. 159.]

# GILA VALLEY ELECTRIC, GAS & WATER COMPANY, a Corporation, Appellant, v. ARIZONA TRUST AND SAVINGS BANK, a Corporation, Appellee.

1. JUDGMENT — PLEADING—DEFAULT CANNOT BE BASED ON AMENDED COMPLAINT WITH ADDED CAUSES OF ACTION WITHOUT NOTICE TO DEFENDANT OF INCREASED DEMAND.—Default for failure to answer a complaint claiming judgment for $16,266.32, cannot result in a judgment for $57,154.57, based on an amended complaint with added causes of action, without some notice to defendant of the increased demand. Civ. Code 1913, par. 422.

2. JUDGMENT—VOIDABLE JUDGMENT SET ASIDE ON TIMELY APPLICATION.—Where a court has acquired jurisdiction of defendant by service of summons, a judgment rendered on an amended complaint, without notice to defendant of added causes of action therein, may not be void, but, being violative of the principle that no one shall be deprived of property without opportunity to be heard, it will be set aside on timely application.

3. CORPORATIONS — RECEIVER HELD WITHOUT AUTHORITY TO ACCEPT SERVICE OF PROCESS OR COMPLAINT FOR CORPORATION DEFENDANT AND MUCH LESS AUTHORIZED TO BIND IT BY CONFESSION OF JUDGMENT.—Where a receiver appointed ancillary to an action against a corporation was directed to take charge of its property and to carry on its business of supplying the public with light and water, but forbidden to pay creditors or distribute its assets except by direction of the court, he was without authority to receive or accept service of process or complaint for or on its behalf, and much less was he authorized to bind it by confession of judgment.

4. ATTORNEY AND CLIENT—PRESUMPTION THAT ATTORNEYS MOVING TO VACATE DEFAULT REPRESENTED JUDGMENT DEBTOR.—Attorneys, as officers of the court, are clothed with the presumption of authority to represent their clients, and hence in a motion to vacate default made by attorneys the presumption is that they represented the judgment debtor.

See 6 C. J., p. 631; 14A C. J., p. 990; 23 Cyc. 742, 913, 962; 31 Cyc. 390.

5. JUDGMENT—SHOWING OF MERITORIOUS DEFENSE NOT NECESSARY TO VACATE JUDGMENT.—On motion to vacate a judgment improperly entered, a showing that movant had a good and meritorious defense was not required.

APPEAL from a judgment of the Superior Court of the County of Graham. Frank B. Laine, Judge. Judgment vacated.

Messrs. Morris & Malott, for Appellant.

Mr. A. R. Lynch and Mr. H. A. Elliott, for Appellee.

LYMAN, J.—Two questions are raised by this appeal: First, is the judgment erroneous? and, second, has the appellant sought an appropriate remedy?

The judgment was entered by default against Gila Valley Electric, Gas & Water Company, a corporation, appellant. The original complaint, based upon two causes of action, prayed for judgment in the sum of $16,266.32. Judgment was rendered upon an amended complaint, not served upon the defendant, in the sum of $57,154.57, made up of many causes of action, including the two of the original complaint. The amendment consisted in adding new causes of action, not in changing the form of presenting the original causes—a change of substance, and not of form. The judgment-roll seems to indicate that the summons issued upon the filing of the original complaint was served upon the appellant, or at least upon someone who is assumed to have been president of the appellant corporation. The question of service of summons does not seem to be raised in the argument. Nowhere in the judgment-roll is there any intimation that the amended complaint, which was filed upon the day of judgment, was ever served upon appellant. The recital in the judgment itself relative to service is as follows:

"This cause came on regularly to be heard this 19th day of October, 1921, the plaintiff appearing by its authorized officers and by A. R. Lynch, its attorney, and the defendant, Gila Valley Electric, Gas & Water Company, a corporation, had been duly and regularly served with process herein and had failed to appear and answer the complaint of the plaintiff on file herein, and no answer or demurrer upon behalf of said defendant appearing, it is ordered that the default of said defendant, Gila Valley Electric, Gas & Water Company, a corporation, be entered according to law."

There is no reference in the judgment to the amended complaint except this:

"Orders that judgment be entered herein in favor of the plaintiff and against the defendant, Gila Valley Electric, Gas & Water Company, a corporation, in accordance with the prayer of the amended complaint on file herein."

Default for failure to answer a complaint claiming judgment in the sum of $16,266.32 cannot legally result in a judgment for $57,154.57, based upon an amended complaint with added causes of action included in it, without some notice to the defendant of the increased demand. Rev. Stats. Ariz. (Civ. Code), par. 422; *Witter* v. *Bachman,* 117 Cal. 318, 49 Pac. 202; *Watson* v. *Miller,* 69 Tex. 175, 5 S. W. 680; *Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 105 Pac. 255.

The court having acquired jurisdiction of the defendant by service of the summons, the judgment rendered upon the amended complaint may not be void, but it violates the principle which underlies all judicial proceedings, that no one shall be deprived of property, life or liberty without an opportunity to be heard, and such a judgment will be promptly set aside when due and timely application to do so is made to the court. *Stuart* v. *Palmer,* 74 N. Y. 183,

30 Am. Rep. 289; *Gallup* v. *Jeffery,* 86 Conn. 308, 85 Atl. 374.

On November 28, 1921, little more than a month after this judgment was rendered, appellant moved to set aside the judgment for lack of service of the amended complaint. Evidence was taken for and against this motion. In the face of the judgment-roll, service of the amended complaint could hardly be established, but it was claimed, in support of the judgment, and there was some evidence tending to show, that the amended complaint was served upon one Jacobson, the receiver of the appellant corporation, or, if actual service was not made upon him, he at least knew that the amended complaint had been filed, and that in addition, knowing of the amended complaint, he had, as receiver, approved all of the claims against the appellant corporation which made up the several causes of action incorporated in the amended complaint. This approval by the receiver, it is claimed, is in effect equivalent to a confession of judgment on his part, which is binding upon the appellant. The appointment of this receiver was ancillary to this action. The order for his appointment was made on December 1, 1920, contingent upon his filing of bond in the sum of $10,000. When, if ever, he qualified as receiver does not appear from the record. He was directed by the court to take charge of all property of the appellant found in Graham county, Arizona, and to carry on its business of supplying the public with light and water. He was expressly forbidden, in the order of his appointment, to pay creditors or distribute the assets of the corporation, except by direction of the court. There was no order enjoining the appellant company from carrying on its business. There is nothing in the record to indicate that any claims were ever presented to the receiver for ap-

proval or payment, or that any attempt was ever made by the receiver to ascertain the indebtedness of the appellant company. Under these conditions, the receiver was without authority to receive or accept service of process or complaint for or on behalf of appellant. *Price* v. *Delano,* 187 Mich. 49, 153 N. W. 7; *Daly* v. *Blair,* 183 Mich. 351, 150 N. W. 134; *Webster* v. *International & Great Northern Ry. Co.* (Tex. Civ. App.), 184 S. W. 295; *Wilder* v. *City of New Orleans,* 87 Fed. 843, 31 C. C. A. 249. Much less is there any showing of any authority on his part to bind the appellant by confession of judgment. The judgment itself is conclusive against any such theory, because it assumes to be upon the default of the appellant based upon the service of the original complaint, and by inference at least admitting lack of service of the amended complaint.

Morally, if not legally, a still more serious objection to the receiver's authority lies in the fact that the new cause of action contained in the amended complaint is made up to the extent of several thousand dollars of a personal demand of the receiver against the appellant. This demand of the receiver, as well as all the other new portions of the amended complaint, are alleged to have arisen prior to the appointment of the receiver, and therefore, in the absence of some order of the court, beyond the control and the direction of the receiver.

As to the method taken by appellant to set aside this judgment, two criticisms are made: First, that the procedure is not by the appellant; and, second, that there is no showing that the appellant has a meritorious defense to the amended complaint.

The appellant appears by attorneys who are members of this bar. As officers of this court, they are clothed with the presumption of authority to represent their client. There is nothing in the

record worthy of serious consideration which tends to overcome that presumption. *Osborn* v. *Bank of United States,* 9 Wheat. 738, 6 L. Ed. 204 (see, also, Rose's U. S. Notes). When a defendant has been served, and has neglected to respond to such service by appearance or answer, and is in default because of his own neglect, he is required, as a condition of setting aside such default and restoring him to the position which he has forfeited, to show by affidavit that he has a good and meritorious defense, and that he would suffer actual loss if the default were not set aside. In this instance appellant is not seeking to be relieved from the consequences of any neglect of his own, but is asking redress because of a judgment improperly entered. He is not asking to interpose a defense which has been forfeited by his own neglect; but is asking to have restored to him a right of which he has been unlawfully deprived. The law does not impose penalties upon the litigant for the sins of the court. It is not the business of the court to inquire whether a defendant has a defense, meritorious or otherwise, until there has been accorded him the opportunity which the law provides for the purpose of interposing a defense. That is his absolute right which the court cannot take away, curtail nor impose conditions upon its exercise. *Pemberton* v. *Duryea,* 5 Ariz. 8, 43 Pac. 220.

The motion to set aside the judgment was promptly made. It stated a valid ground for its allowance, and aside from the affidavits filed with the motion itself, and the evidence taken in support of it, the judgment-roll contained abundant evidence that the judgment was improperly entered. The motion should have been allowed and the judgment vacated.

The judgment will be vacated.

McALISTER, C. J., and ROSS, J., concur.