Melón Hnos. & Co., *S. en C.*, Plaintiff and Appellee, *v.* R. Muñiz de León, Defendant and Appellant.

No. 6332.   Argued May 22, 1934.—Decided June 26, 1934.

*Susoni & Defendini* for appellant.   *Angel A. Vázquez* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Melón Hnos. & Co., *S. en C.*, brought an action of debt against R. Muñiz de León and moved for an order to secure the effectiveness of the judgment, which was issued on Dec. 12, 1932.

The next day, and in compliance with said order, the marshal attached property of R. Muñiz de León & Co., *S. en C.*, as belonging to R. Muñiz de León.

The lower court states that on Dec. 15, 1932, the plaintiff filed an amended complaint, with leave of the court, to correct a misnomer in the party defendant, so that the real name, "R. Muñiz de León & Co., *S. en C.*," would appear, and the correction was ordered in the papers and books of

the court. The issuance of an alias summons was also ordered.

On December 30, 1932, R. Muñiz de León moved for a change of venue and filed an affidavit of merits and a demurrer and paid the corresponding filing fees; and on January 17, 1933, R. Muñiz de León and Co., *S. en C.*, also moved for a change of venue and filed an affidavit of merits sworn to by R. Muñiz de León and a demurrer, paying no filing fees whatsoever.

On February 14, 1932, R. Muñiz de León & Co., *S. en C.*, through its attorney Francisco M. Susoni Jr., waived its right to a change of venue, and submitting itself to the jurisdiction of the court, prayed for the nullity of the attachment levied on December 13, 1932, because it had been made on property of R. Muñiz de León & Co., *S. en C.*, which is a legal entity other than R. Muñiz de León. The plaintiff objected to this motion, offering an amended bond to secure the effectiveness of the judgment, praying that it be admitted with retroactive effect to cover the attachment levied on December 12, 1932, on property of the said defendant, and alleging that due to an involuntary omission of the stenographer who transcribed the complaint in the instant case, the words "and Co., *S. en C.*" were not written by the side of the name of R. Muñiz de León, and that in view thereof, the court, on motion of said plaintiff, permitted the complaint to be amended so that R. Muñiz de León & Co., *S. en C.*, would appear as defendant instead of R. Muñiz de León. It was further alleged that the said plaintiff has never kept an account for goods with R. Muñiz de León in his personal capacity, but with R. Muñiz de León & Co., *S. en C.*, through its manager, R. Muñiz de León, and that the intention of the plaintiff was always to direct its action against its debtor, R. Muñiz de León & Co., *S. en C.*

The lower court approved the bond presented to secure the effectiveness of the judgment with retroactive effect, in order to secure the defendant against any damages caused

to him by reason of the attachment levied on December 13, 1932, and dismissed the motion praying for the nullity of the attachment.

The plaintiff appealed from that ruling, assigning to the lower court two errors, consisting in having granted leave to amend the complaint to substitute the party defendant for another entirely different from the original one, and in refusing to nullify the attachment levied on the property of said defendant.

We have carefully examined the averments of the complaint and we think that the amendment authorized by the lower court does not lie in the instant case. In the first paragraph of the complaint it is alleged that the defendant is a merchant established in Ciales. In the second paragraph it is alleged that "the defendant owes the plaintiff the sum of $660.30, for goods bought from plaintiff by said defendant," and that the defendant expressed his acceptance of the balance of the account. In the third paragraph it is said that the plaintiff and the defendant had agreed to the submission of the defendant to the jurisdiction of the district court of the domicile of the plaintiff in case of a suit. In the third, fourth and fifth paragraphs of the second cause of action the defendant is specifically mentioned, and in the prayer the court is asked to give judgment for plaintiff for the sum claimed with legal interest and costs.

The order to secure the judgment moved for by the plaintiff directs the attachment of sufficient property of the debtor to cover the amount claimed.

The action exercised has been brought directly against R. Muñiz de León, and several times the word "defendant" is used to specify a natural person, and not R. Muñiz de León and Co., S. en C., against whom no intention to file suit appears. From the record it appears that R. Muñiz de León was originally sued and summoned, and the attachment was ordered against property of the defendant. The order issued to the marshal directs him "to levy all the property of said

defendant or a sufficient part thereof to cover the amount claimed and the costs." In the return of the marshal it is said that he attached "as belonging to the defendant, and upon the designation of the plaintiff, the goods, furniture and fixtures of the store that defendant owns in Ciales." It is clearly seen that said property was attached as belonging to the defendant R. Muñiz de León, though it was shown later that said property belonged to R. Muñiz de León & Co., *S. en C.* The plaintiff asked for leave to amend the complaint, but though it is alleged that it was an error committed by inadvertence, the truth is that the name of a different entity which was not originally summoned is brought to the action as sole party. The petition for an alias summons to prosecute the action under the name of R. Muñiz de León & Co., *S. en C.* shows that the plaintiff itself considered that it could not carry on with the said action against the new party under the summons originally issued.

We have given some consideration to the question raised, feeling inclined to grant the amendment authorized by the lower court to save the plaintiff the trouble of starting a new suit, but we feel that the Code of Civil Procedure does not empower us to permit that a person legally different from the one appearing in the original complaint and summons be brought to the action as defendant. This is not a case of a correction of the misnomer of a party, but of the substitution of a party for another, though from the original complaint no relation arises between the original defendant and the firm R. Muñiz de León & Co., *S. en C.,* which is not mentioned in said complaint. The decisions consulted by us in our study of the point in issue show that the amendment authorized by the lower court can not be sustained. We will cite the case of *Daly* v. *Blair,* 150 N.W. 134, which, from all the cases studied is the one which more freely upholds the power of courts to grant leave to amend in relation to parties defendants. In this case, decided by the Supreme Court of Michigan, the plaintiff was injured at the intersec-

tion of a highway crossing with a railroad on March 12, 1912. On April 5, 1912, receivers for the railroad were appointed. On February 26, 1913, suit was commenced by the plaintiff naming the receivers as defendants but counting upon a cause of action against the railroad company. The return of the service showed that the complaint was duly served on a station agent of the said company. The receivers appeared by counsel, and upon the trial it soon developed by the proof that the accident occurred prior to the appointment of the receivers. Defendant's counsel moved for a directed verdict, on the ground that no recovery could be had against the receivers for injuries which were incurred prior to their appointment. Thereupon, plaintiff asked the trial court for permission to amend his complaint by striking out the names of the receivers and substituting therefor the railroad company. The request was denied under the contention that the court had no power to allow the amendment. Deciding the case on appeal the Supreme Court of Michigan said:

"In support of his contention that the trial court had the power, under our statute of amendments, to make the amendment, plaintiff's counsel cite several cases in which receivers have been substituted by amendment for the company, and the company for the receivers, but in nearly all the cases cited the misnomer occurred with reference to the plaintiff. In the case of a misnomer of the plaintiff, the party proposed to be substituted is usually the petitioner, and therefore no question of service of process arises. But in the case of a misnomer of the defendant, the vital question always is whether the party proposed to be substituted has been served with process. Unless it can be said that the Pere Marquette Railroad Company has been served with process in this suit, the amendment sought by plaintiff is clearly beyond the power of the courts to permit.

"A rule which has been sometimes followed in correcting misnomers in pleadings is that:

" 'Where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by

a wrong name, an amendment substituting the true name of the corporation may be permitted.' 31 Cyc. 488.

"The declaration in the instant case clearly defined and counted upon a cause of action against the railroad company, and not against the receivers. The return of service shows that a copy of the declaration was duly served upon the railroad company. True, it named the receivers of the road as defendants, but the paper upon its face advised the agent of the railroad company that the negligence of the railroad company was relied upon for a recovery in the suit. In view of these circumstances, we think it was within the power of the trial court to allow the amendment."

The facts stated by the Supreme Court of Michigan differ noticeably from the ones upon which the District Court of San Juan gave its judgment. In the Michigan case a copy of the complaint was duly served upon an agent of the railroad company as such, and there was no need of an alias summons. The complaint in that case clearly defined and counted upon a cause of action against the railroad company; in the case before us the complaint sets up a cause of action against R. Muñiz de León and not against the partnership R. Muñiz de León & Co., *S. en C.* In this case it could not be said that service was made upon the right party, although by a wrong name, because from the averments in the complaint the existence of the partnership and its relation with the plaintiff's claim does not appear. There was error.

■ Upon the above conclusions, the attachment levied on property of R. Muñiz de León & Co., *S. en C.* must be canceled. If the court had no power to allow the amendment, if the said partnership is not a party defendant, its property can not be held under an attachment decreed against property of some other person, and in an action where it does not appear as a defendant.

The ruling appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.