MILLER v. BRADWAY.

1. PLEADING—PROCESS—AMENDMENTS—STATUTES—DISCRETION OF COURT.

Permissible amendments to process and pleadings are discretionary with the court having jurisdiction of the parties in a pending suit (3 Comp. Laws 1929, § 14144).

2. SAME—PERMISSIBLE AMENDMENTS—STATUTES.

   Amendment of praecipe, summons, declaration and calendar entries to show the names of the individuals composing the plaintiff copartnership was permissible under the statute of amendments (3 Comp. Laws 1929, § 14144).

3. PROCESS—AMENDMENT—STATUTE OF LIMITATIONS.

   In action by partnership against defendant on a promissory note commenced by summons issued and served a day before action would have been barred by statute of limitations, motion to quash filed by specially appearing defendant because of alleged lack of knowledge of who were the members composing said partnership was properly denied where amendments curing such defect were thereafter permitted by trial court (3 Comp. Laws 1929, §§ 13976, 14144).

Appeal from Wayne; Webster (Arthur), J. Submitted October 15, 1941. (Docket No. 55, Calendar No. 41,662.) Decided December 2, 1941.

Assumpsit by Ralph C. Miller and others against Judson Bradway on a promissory note. Motion to quash denied. Plaintiffs' motions to amend, granted. Defendant appeals. Orders affirmed and cause remanded for further proceedings.

*Sigmund A. Robinson,* for plaintiffs.

*John W. Hoag, Jr.,* for defendant.

WIEST, J. This is an appeal by defendant from denial of his motion to quash the summons served upon him and dismiss the case and from amendments allowed.

The facts are stated in the settled record as follows:

"On the 14th day of August, 1940, a praecipe was filed with the clerk of the circuit court for the county of Wayne, requesting that a writ of summons issue

in a cause entitled 'Miller, Bailey & Company, plaintiff, v. Judson Bradway, defendant.' A summons so entitled and advising Judson Bradway, the above-named defendant and appellant, that a suit had been commenced against him by 'Miller, Bailey & Company, as plaintiff' was on the same day issued and served on the said defendant and appellant.

"On the 20th day of August, 1940, a declaration was filed and a copy of the same subsequently served on the defendant and appellant, which declaration was similarly titled and set forth that the plaintiff was a copartnership composed of Ralph C. Miller, James I. Bailey, John L. Busch, E. T. Stringer, R. W. Rannie and C. J. Lehman; that the action was brought on a certain promissory note for $1,446.79, executed and delivered by Judson Bradway to Miller, Bailey & Company, May 15, 1934, and payable three months after date, August 15, 1934, which was six years less one day prior to the issuance of the above described summons.*

"The defendant and appellant appeared specially for the purpose of moving to quash the praecipe and summons and quash the service of process and dismiss the suit, in support of which motion the affidavit of Judson Bradway, the said defendant and appellant, was filed setting forth 'that deponent did not know the nature of said Miller, Bailey & Company, but had been advised that the same was a partnership, but if a partnership, deponent did not know who were the partners, deponent not having received any consideration for any note or notes executed in favor of Miller, Bailey & Company, whoever they might be, but having executed said note or notes under threat of legal proceedings; that the said legal proceedings were without merit, but at that time the economic depression had given rise to extreme pressure on deponent from many sources

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—Re-porter.

·and deponent signed said note or notes without re-
gard to the merits of the claim of Miller, Bailey &
Company and without even knowing who composed
said Miller, Bailey & Company.'

''Subsequently, but prior to the hearing of this
motion, the plaintiff filed a motion to amend the
title of the cause to read as the same appears above
and to add certain parties plaintiff, filing in support
thereof the affidavit of one Charles White, an attor-
ney employed in the office of the plaintiff's attor-
ney, setting forth that at the time he started suit,
he did not know the names of all the persons com-
posing the copartnership, but had started the suit
anyhow because the statute of limitations would
soon bar the action.

''The two motions came on for hearing on the
same day. Plaintiff's motion to amend was assigned
to Judge Arthur Webster and defendant's motion
to quash to Judge Clyde I. Webster. Plaintiff's mo-
tion to amend was heard first and granted. The
reasons given by said Hon. Arthur Webster being
that the suit was brought upon a promissory note
made by the defendant, payable to Miller, Bailey &
Company, a copy of which is set out in the plaintiff's
declaration; that the defendant who signed the note
cannot be said to be misled in any way by the suit;
that the defendant not having been misled, the court
has power, under the statute of amendments, to al-
low an amendment to show the names of the indi-
viduals composing Miller, Bailey & Company.

''The motion to quash was then argued before
Judge Clyde I. Webster, who entertained some ques-
tion as to whether the motion filed by plaintiff to
amend the title of the cause was broad enough to
cover the praecipe and summons and held his de-
cision on said motion in abeyance to give plaintiffs
an opportunity to file a second motion to amend
which was subsequently done. This motion was

heard before Judge Arthur Webster, and granted, the court stating that it was his opinion that the statute of amendments was sufficient to, and intended to, cover a situation of the kind here presented and it was the court's intention to permit plaintiff to amend in such fashion that he would be in court under the statute of amendments. An order was thereupon entered amending, *nunc pro tunc,* the praecipe, summons, declaration and calendar entries so as to show the names of the individuals composing the copartnership conducted under the name Miller, Bailey & Company.''

Permissible amendments are discretionary with the court having jurisdiction of the parties in a pending suit. The amendments allowed were permissible. 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838.)

The orders of the circuit court are affirmed, with costs to plaintiff, and the cause remanded to the circuit court for further proceedings.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.