WELLS *v.* THE DETROIT NEWS, INC.

1. PLEADING—AMENDMENT.
    Pleadings or process in pending proceedings may be amended at any time before judgment or decree rendered therein, either in form or substance, for the furtherance of justice, on such terms as shall be just (CL 1948, § 616.1; Court Rule No 25 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 288.
[2] 41 Am Jur, Pleading § 292.
[3] 34 Am Jur, Limitation of Actions §§ 9, 10.
[4-6] 41 Am Jur, Pleading § 301.
    39 Am Jur, Parties §§ 98, 99.

2. SAME—AMENDMENT—PRETRIAL HEARING—FURTHERANCE OF JUSTICE.

The term "furtherance of justice," as used in the statute of amendments, would indicate that such amendments should be allowed at the pretrial hearing as would permit the disposition of the case involved by a hearing on the merits (CL 1948, § 616.1).

3. LIMITATION OF ACTIONS—PURPOSE.

The statute of limitations was designed to eliminate stale claims (CL 1948, § 609.13).

4. PLEADING—AMENDMENT—CORPORATIONS.

A trial court has power to allow amendment of process and pleadings to make a substitution as to corporate parties defendant, where service was had upon a person who was a proper representative of both corporations at the legal address of both, both are in the same general business, have most of the same officers, are represented by the same law firm, and officers of the additional corporation sought to be reached were clearly informed of the facts of the particular corporate entity which plaintiff desired and intended to sue (CL 1948, § 616.1).

5. SAME—AMENDMENT—MISNOMER OF PARTY.

Amendment of pleadings is permissible for misnomer of a corporate party, and where no one has been misled in any manner by the misnomer, the amendment should be made (CL 1948, § 616.1; Court Rule No 25 [1945]).

6. SAME—AMENDMENT—CORRECTION OF MISNOMER—FURTHERANCE OF JUSTICE.

An amendment of process and pleading substituting the right name for the wrong name of the party, where service has been had upon the right party and the "furtherance of justice" requires granting of the amendment to correct a misnomer (CL 1948, § 616.1; Court Rule No 25 [1945]).

KELLY and BLACK, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 8, 1960. (Docket No. 38, Calendar No. 48,372.) Decided September 15, 1960. Rehearing denied October 10, 1960.

Action by Edward D. Wells, assignee, against The Detroit News, Inc., a Michigan corporation, for sums

due on refusal to carry out pension plan. Motion to amend name of defendant denied, and judgment for defendant entered. Plaintiff appeals. Reversed and remanded.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells*, of counsel), for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy* (*Rockwell T. Gust* and *James D. Ritchie*, of counsel), for defendant.

EDWARDS, J. This is an appeal from the denial by a Wayne county circuit judge of a motion by plaintiff to amend a declaration, and the subsequent entry of a judgment of no cause for action. Plaintiff's declaration named as defendant The Detroit News, Inc., a Michigan corporation. The motion sought an amendment correcting and changing the name of the defendant The Detroit News, Inc., a Michigan corporation, to The Detroit News, or to The Evening News Association, a Michigan corporation.

The nature of the action is indicated by the first 6 paragraphs of the declaration:

"1. The defendant is a Michigan corporation with its main place of business in the city of Detroit, Michigan.

"2. That the plaintiff's assignor, whose name defendant well knows, was employed on the editorial staff of said defendant for a period of approximately 24 years prior to his retirement in June of 1949.

"3. That prior to his retirement the editor of said defendant advised the plaintiff's assignor that the base retirement plan or annuity was no good for him and the defendant, by and through its editor and duly authorized agent, promised and agreed to pay said assignor upon and following his retirement an adequate retirement sum supplemental and in addi-

tion to the monthly sums received under the regular employees' retirement plan.

"4. In consideration of and in reliance on said promise and agreement the plaintiff's assignor thereafter announced his retirement, retired in June of 1949, giving up his employment with defendant at a salary approximating $10,000 a year, and was paid and received the sum of $100 per month from defendant, above the amount received under the regular employees' plan, for a period of 12 months thereafter.

"5. By letter dated June 19, 1950, the said defendant by and through its editor and authorized agent advised the said assignor of the repudiation of the promise, agreement, or contract and the discontinuance thereafter of any payments supplemental to the base employees' retirement plan.

"6. That although demand has been made by plaintiff and plaintiff's assignor on the defendant to fulfill said promise, agreement, and contract to pay plaintiff's assignor an adequate retirement sum supplemental to the basic employees' retirement plan for the remainder of the assignor's life, defendant has failed and refused so to do, to the damage of the plaintiff or his assignor in the sum of $60,000."

In response, defendant The Detroit News, Inc., filed an appearance and an answer which simply denied all plaintiff's allegations.

Subsequently, at a pretrial hearing, after the statute of limitations* would have run against the filing of the cause of action, defendant disclosed to plaintiff that his assignor had never been employed by The Detroit News, Inc., which in fact was a Michigan corporation, but had been employed by The Detroit News which was owned by The Evening News Association, a different Michigan corporation.

---

* See CL 1948, § 609.13 (Stat Ann 1949 Cum Supp § 27.605).— REPORTER.

Plaintiff filed with his motion to amend an affidavit and exhibits which alleged the following additional facts:

(1) That prior notice of claim and intention to sue The Detroit News had been served upon the vice president and general manager of The Detroit News, in response to which plaintiff had been referred to present counsel for The Detroit News, Inc.

(2) That service of process had been made upon one N. J. Nicholl who, at the time, was both business manager for The Detroit News and The Evening News Association, and for The Detroit News, Inc.

(3) That the corporate address of the 2 corporations is the same, and that most of the officers of the 2 corporations are the same.

No answer was filed as to any of these allegations, and no testimony was taken. The parties apparently accepted these as the facts upon which the motion was to be considered by the trial judge. They did likewise in argument of the appeal before this Court. The denial of plaintiff's motion to amend was made by the trial judge in an opinion wherein he held that the amendment was not a correction of error, but a substitution of parties, and was beyond the power of the court.

The controlling legal principle is set forth in a Michigan statute, CL 1948, § 616.1 (Stat Ann § 27.838):

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceedings shall disregard any error or defect in the proceedings, which do [does] not affect the substantial rights of the parties."

See, also, Michigan Court Rule No 25 (1945).

We have no doubt but that "furtherance of justice" suggests disposition of this suit by hearing on the merits. The statute of limitations was designed to eliminate stale claims, and The Evening News Association, on these facts, obviously had notice of suit within the statutory limits.

Nonetheless, the question as to whether this may be regarded as an amendment rather than a substitution of parties is not a simple one. It is clear that 2 separate and distinct corporations are involved.

But the motion is predicated upon undisputed allegations:

(1) That service was had upon a person who actually was a proper representative of both corporations, at the legal address of both corporations;

(2) That both corporations are in the same general business, have most of the same officers, and are represented by the same law firm; and

(3) That the officers of The Evening News Association, Inc., were clearly informed of facts which indicated to them the particular corporate entity which plaintiff desired and intended to sue.

Under similar or less appealing circumstances, many courts have held that they possessed the power to grant amendment. *Hernan* v. *American Bridge Co.* (CCA 6), 167 F 930; *Williams* v. *Pennsylvania R. Co.* (D Del), 91 F Supp 652; *Nelson* v. *Glenwood Hills Hospitals, Inc.,* 240 Minn 505 (62 NW2d 73); *Spence* v. *Commercial Motor Freight, Inc.,* 99 Ohio App 143 (127 NE2d 427, 53 ALR2d 1445).

In the *Nelson Case, supra,* the Minnesota supreme court had before it a case remarkably similar in essential facts to that with which we deal here. Plaintiff had started suit against Glenwood Hospital when it should have served the closely associated Homewood Hospital. The Minnesota court said (pp 512, 513):

"It can hardly be assumed that the officers of Homewood Hospital, Incorporated, Rascop and Davidson, were in the dark as to the true facts involved or that they were in any way misled to their prejudice, when we consider the fact that Rascop was also an officer of Glenwood Hills Hospitals, Incorporated, and that the 2 corporations had the same accountant-attorney and liability insurer, shared a working business and operational association, and, to some extent at least, had the same interest in avoiding liability on the claims as set forth in the complaints. If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer.

"Viewing the record as a whole it seems almost an inescapable conclusion that plaintiffs intended to sue the owner and operator of Homewood Hospital and Veronica Davidson. It seems quite obvious from the facts that the error in naming Glenwood Hills Hospitals, Incorporated, instead of Homewood Hospital, Incorporated, was due only to misinformation received prior to and at the time the pleadings were prepared and served. From the facts as we view them, we have here, not a case of mistaken identity, but a misnomer of a party defendant. See, 2 Moore, Federal Practice (2 ed), § 4.44."

Michigan has likewise had occasion to consider this problem and to grant amendment for misnomer of a party. *Daly* v. *Blair*, 183 Mich 351; *Fildew* v. *Stockard*, 256 Mich 494; *Miller* v. *Bradway*, 299 Mich 574; *Detroit Independent Sprinkler Co.* v. *Plywood Products Corp.*, 311 Mich 226.

The reasoning of this Court was best set forth in Mr. Justice Butzel's opinion in the *Fildew Case, supra,* p 498:

"In the instant case, no one has been misled. The principal defendant, described as a Michigan corporation, duly appeared, as did its receiver. The garnishee defendants were duly served, and in their disclosures show that there has been no misapprehension on their part as to who Joel Stockard & Company is, even though described as a Michigan corporation. While due diligence is required in pleadings of the plaintiff in the description of the parties, and pleadings still serve a necessary purpose, nevertheless, where no one has been misled in any manner by a misnomer, the amendment should be permitted. Under the statute of amendments, CL 1929, § 14144,* the court has the power to amend any process, pleading, or proceeding in an action or proceeding, either in form or in substance, for the furtherance of justice, and may disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."

In the *Daly* case the court relied upon an old rule:

"Where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted." (p 353.)

We do not believe that *Price* v. *Delano,* 187 Mich 49, weighs heavily against the authority we have cited. The court there apparently was not convinced that the proper defendant was served.

On our instant facts we believe that the right party was served by the wrong name, that no one was misled thereby to his detriment and that the Michigan statute of amendments contains authorization for correction of the misnomer by amendment.

The trial judge's error lay in thinking he did not have power to grant the amendment. We think he did. And we think that, on these facts, "furtherance

---

* Quoted in full, *supra.*—REPORTER.

of justice" required granting the amendment. *Hernan* v. *American Bridge Co.* (CCA 6), 167 F 930.

Reversed and remanded.

DETHMERS, C. J., and CARR, SMITH, KAVANAGH, and SOURIS, JJ., concurred with EDWARDS, J.

BLACK, J. (*dissenting*). Plaintiff sued defendant The Detroit News, Inc., a Michigan corporation, in the Wayne circuit. His declaration alleges that the defendant "is a Michigan corporation with its main place of business in the city of Detroit"; that his assignor, "whose name defendant well knows, was employed on the editorial staff of said defendant for a period of approximately 24 years prior to his retirement in June of 1949"; that prior to retirement of plaintiff's assignor "the editor of said defendant" promised and agreed to pay said assignor, upon and following his retirement, "an adequate retirement sum supplemental and in addition to the monthly sums received under the regular employees' retirement plan"; that in consideration of such promise said assignor voluntarily retired in June of 1949, "giving up his employment with defendant at a salary approximating $10,000 a year," and that the defendant, "by and through its editor," thereafter repudiated the pleaded promise, thus giving rise to the declared cause (damages for breach).

The defendant promptly answered. The first allegation quoted above was admitted. The remainder of such allegations were denied. Some 18 months later, and after the limitational statute had run its course, plaintiff moved to amend the summons and declaration "by correcting and changing the name of the defendant 'The Detroit News, Inc., a Michigan corporation,' to The Detroit News or to The Evening

News Association, a Michigan corporation, doing business as The Detroit News, or to the proper name of the entity of which A. M. Smith [plaintiff's assignor] was an employee and against whom the plaintiff's cause of action as set forth in the declaration, exists." Plaintiff's motion was denied, and he appeals.

The defendant insists that it was and is before the court as a properly sued defendant, and that it is responsible in damages to plaintiff provided plaintiff can and does establish, to the satisfaction of court and jury, the allegations of his declaration as filed. I agree. This is not a case of suit commenced against a nonexistent or misnamed defendant. The bald fact is that plaintiff is attempting, after lapse of the statutory period, to sue a defendant or defendants in the present cause who once were separately and properly suable by him, and now are not. The statute cannot be evaded in such manner by one whose protracted slumber is the sole cause of his predicament.

I would affirm on authority of *Price* v. *Delano,* 187 Mich 49, noting as did Mr. Justice BIRD in that case that "The failure of the return to show a valid service on the defendant proposed to be substituted clearly distinguishes this case from *Daly* v. *Blair,* 183 Mich 351." Here, so there be no misunderstanding, is the return of service on the present defendant:

"I hereby certify and return that, on this 23d day of March A. D. 1956, at 615 West Lafayette blvd., Detroit, Michigan, I served the within summons upon THE DETROIT NEWS, INC., a Michigan corporation, by delivering same to Barbara Reid, secretary to N. J. Nicholl, its agent and business manager, defendant named in said summons, by then and there showing to her for said above named defendant the within summons, with the seal of the court impressed

thereon, and delivering to said defendant a true copy of said summons."

Kelly, J., concurred with Black, J.