EMPLOYERS MUTUAL CASUALTY COMPANY v PETROLEUM
EQUIPMENT, INC

Docket Nos. 117264, 117395. Submitted November 6, 1990, at Grand
Rapids. Decided June 18, 1991, at 9:40 A.M.

Employers Mutual Casualty Company brought an action in the
St. Joseph Circuit Court against Petroleum Equipment, Inc.,
Cohagen Equipment, Inc., and others, seeking reimbursement
for cleanup costs Employers Mutual paid on behalf of its
insured, C. A. Murphy Oil Company, Inc., as a result of a leak
from one of several fuel storage tanks installed by Petroleum
and Cohagen on Murphy Oil's property. Murphy Oil and the
subsequent purchasers of its property, John and Cheryl Bowen,
brought a separate action against Petroleum, Cohagen, and the
other defendants in Employers Mutual's action. The actions
were consolidated for trial, Employers Mutual filed an amended
complaint to add a subcontractor on the Murphy Oil project,
Warner & Sons, Inc., as a defendant, and Petroleum and
Cohagen filed a third-party complaint against Warner & Sons
for contribution and indemnification in the action brought by
Murphy Oil and the Bowens. The court, James Noecker, J.,
granted summary disposition on several grounds for Warner &
Sons with respect to the claims of Employers Mutual and the
third-party claims of Petroleum and Cohagen. Employers Mu-
tual, Petroleum, and Cohagen appealed. Warner & Sons cross
appealed, claiming error in the trial court's denial in both
actions of costs and attorney fees as sanctions for the refusal to
stipulate to the entry of judgments pursuant to MCR 2.405.

The Court of Appeals consolidated the appeals and *held:*

The trial court did not err in granting summary disposition
for Warner & Sons of all of Employers Mutual's claims and of
Petroleum and Cohagen's third-party claim for indemnification.
The trial court also correctly denied Warner & Son's motion for
costs and attorney fees. However, the trial court should not

REFERENCES

Am Jur 2d, Contribution §§ 40, 41, 48; Costs §§ 23, 24; Depositions
and Discovery §§ 329, 353, 354; Limitation of Actions § 272;
Parties §§ 198, 206, 207; Pleading § 337.

Change in party after statute of limitations has run. 8 ALR2d 6.

have granted summary disposition of Petroleum and Cohagen's third-party claim for contribution by Warner & Sons in light of the unresolved question whether Warner & Sons had supplied or installed the leaking tank.

1. The trial court did not err in ruling that Employers Mutual's claims against Warner & Sons were barred by the statutes of limitations governing claims for breach of contract and claims for injury to person or property, MCL 600.5807(8); MSA 27A.5807(8) and MCL 600.5805; MSA 27A.5805. In making its ruling, the trial court properly considered Employers Mutual's failure to respond to Warner & Sons requests for admissions to have operated as admissions, MCR 2.312. The trial court also correctly determined that the decisive filing date for purposes of the statutes of limitations was the date of the amended complaint, not the date of the original complaint. An amendment of a pleading, if done for the purpose of adding new parties, is not subject to the general rule that amendments relate back to the date of the original filing.

2. The trial court did not err in granting summary disposition of Employers Mutual's claims of express warranty. Employers Mutual failed to provide factual support for its claim that express warranties were made.

3. Summary disposition of Employers Mutual's claims of implied warranty was proper in the absence of any allegations of breach of those warranties and in light of Employer Mutual's deemed admissions with respect to the matter.

4. The trial court did not err in granting summary disposition of Petroleum and Cohagen's third-party claim against Warner & Sons for indemnification. Petroleum and Cohagen failed to state a claim for either common-law or implied contractual indemnification.

5. Summary disposition of Petroleum and Cohagen's third-party claim against Warner & Sons for contribution should not have been granted because there remains a question regarding whether Warner & Sons supplied or installed the leaking tank. Employers Mutual's deemed admissions with respect to this question cannot operate against Petroleum and Cohagen. Under MCR 2.312(B)(1), it is only against the party to whom a request for admission has been served that a matter may be deemed admitted.

6. The trial court did not err in denying Warner & Sons' motion for costs and attorney fees. An award of costs and attorney fees is not available under MCR 2.405 to a party who obtains judgment by motion for summary disposition.

Affirmed in part and reversed in part.

1. PRETRIAL PROCEDURE — DISCOVERY — REQUEST FOR ADMISSION.

   A matter regarding which a request for an admission has been served is deemed admitted unless timely answered and is conclusive unless the trial court, on motion, permits withdrawal or amendment for good cause (MCR 2.312).

2. PLEADING — AMENDMENT OF PLEADINGS — ADDITION OF NEW PARTIES — RELATION BACK.

   An amendment of a pleading, if done for the purpose of adding new parties, does not relate back to the date of the original filing (MCR 2.118).

3. CONTRIBUTION — JOINT TORTFEASORS.

   A right of contribution exists where two or more persons are jointly or severally liable in tort for the same injury to person or property; contribution is available whether the acts of the tortfeasors are separate, independent, or concurrent, and may include tortfeasors who are liable in tort on separate legal theories (MCL 600.2925a; MSA 27A.2925[1]).

4. PRETRIAL PROCEDURE — DISCOVERY — REQUEST FOR ADMISSION.

   A request for an admission to which no response is made may be deemed admitted only against the party to whom the request was served (MCR 2.312[B][1]).

5. COSTS — OFFERS TO STIPULATE TO ENTRY OF JUDGMENTS — SUMMARY DISPOSITION.

   Following the rejection of an offer to stipulate to the entry of a judgment, costs may not be assessed against the offeree where judgment in favor of the offeror is entered pursuant to a motion for summary disposition (MCR 2.405[D][1]).

*Piatt, Bartosiewicz & Tiderington* (by *Gary P. Bartosiewicz*), for Employers Mutual Casualty Company.

*Early, Lennon, Fox, Thompson, Peters & Crocker* (by *Lisa A. Godfrey*), for Petroleum Equipment, Inc., and Cohagen Equipment Company, Inc.

*Howard & Howard* (by *Brad A. Rayle*), for Warner & Sons, Inc.

Before: NEFF, P.J., and MAHER and HOOD, JJ.

Per Curiam. In these consolidated appeals, the plaintiff in Docket No. 117264, Employers Mutual Casualty Company, and the third-party plaintiffs in Docket No. 117395, Petroleum Equipment, Inc., and Cohagen Equipment Company, Inc., appeal as of right from the trial court's order granting summary disposition in favor of Warner & Sons, Inc., a defendant in Docket No. 117264 and a third-party defendant in Docket No. 117395. Warner & Sons has filed a cross appeal in both cases, claiming that the trial court erred in denying its request for costs and attorney fees pursuant to MCR 2.405. We affirm in part and reverse in part.

In 1980, Petroleum and Cohagen contracted with C. A. Murphy Oil Company, Inc., to build a fuel storage facility on Murphy Oil's property. Petroleum and Cohagen subcontracted certain excavating and installation work to Warner & Sons. Although ten tanks of varying capacities (e.g., 8,000 to 20,000 gallons) were installed, it was unclear who supplied or installed each of the individual tanks. All tanks were apparently installed in 1981. Beginning in 1982, complaints were received about gasoline odors in the area. Although initial tests by Petroleum and Cohagen failed to ascertain any leaks, a test performed by an independent firm in 1984 confirmed the presence of a leak from one of the 8,000-gallon tanks.

On September 2, 1986, Employers Mutual filed its complaint against Petroleum and Cohagen, B & D Company, and Bruce Flanigan, seeking reimbursement for cleanup costs Employers Mutual had paid on behalf of its insured, Murphy Oil, because of the fuel leak. A separate action was commenced against these same defendants on March 11, 1987, by both Murphy Oil and John and Cheryl Bowen (subsequent purchasers of the subject property). On June 24, 1987, the two actions

were consolidated in the lower court. On July 30, 1987, Employers Mutual filed its first amended complaint adding Warner & Sons as a defendant, alleging breach of contract, negligence, and breach of warranty. On August 13, 1987, Petroleum and Cohagen filed a third-party complaint against Warner & Sons for contribution and indemnification.

On August 22, 1988, Warner & Sons filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), seeking dismissal of all counts alleged by Employers Mutual in its first amended complaint and dismissal of Petroleum and Cohagen's third-party complaint for contribution and indemnification. On December 28, 1988, the trial court granted the motion on various grounds. Warner & Sons' subsequent motion requesting costs pursuant to MCR 2.405 was denied by the trial court. The parties now appeal each of these rulings as of right.

### I. EMPLOYERS MUTUAL'S APPEAL
#### (DOCKET NO. 117264).

The trial court summarily dismissed all of Employers Mutual's claims against Warner & Sons on the following grounds: (1) there was no issue of fact that Warner & Sons did not supply the leaking tank, (2) there was no issue of fact that express warranties were not made, (3) breach of implied warranties had not been pleaded, and (4) Employers Mutual's claims against Warner & Sons were barred by the applicable statute of limitations.

Initially, we must address Employers Mutual's claim that the trial court improperly relied on several deemed admissions when ruling on Warner & Sons' motion for summary disposition. During discovery, Warner & Sons served Employers Mutual with several requests for admissions pursuant to MCR 2.312. No response was made to these

requests. Pursuant to court rule, therefore, the subject matter of the requests was deemed admitted. MCR 2.312(B)(1). A matter which is admitted is considered conclusively established unless the trial court, on motion, permits. withdrawal or amendment for good cause shown. MCR 2.312(D)(1). Finally, the court rule governing motions for summary disposition, MCR 2.116, expressly allows a motion brought under subsection C(7) or (10) to be supported by affidavits, depositions, *admissions,* or other documentary evidence. MCR 2.116(G). Pursuant to the plain language of the court rules, therefore, the matters addressed in Warner & Sons' requests for admissions were considered to be conclusively established and could properly be considered by the trial court for purposes of ruling on Warner & Sons' motion for summary disposition.

As noted above, MCR 2.312(D)(1) allows a trial court, on motion and for good cause shown, to permit a party to withdraw or amend a matter admitted under the court rule. While Employers Mutual summarily argues on appeal that the trial court abused its discretion by not allowing it to withdraw its admissions, the record fails to disclose that it ever moved or otherwise requested such relief in the trial court. Therefore, having failed to request the requisite relief in the trial court, Employers Mutual cannot claim an abuse of discretion on appeal.

We will now address the merits of the trial court's rulings. As noted above, the trial court granted Warner & Sons' motion for summary disposition against Employers Mutual on several grounds. One ground on which summary disposition was granted was MCR 2.116(C)(7), that Employers Mutual's claims were barred by the applicable statute of limitations.

Employers Mutual first argues that the trial court erred in holding that the filing date for purposes of Warner & Sons was July 31, 1987, when Employers Mutual filed its amended complaint adding Warner & Sons as a party, rather than September 2, 1986, the date Employers Mutual's original complaint was filed. We disagree. Although an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D), the relation-back doctrine does not extend to the addition of new parties. *Gardner v Stodgel,* 175 Mich App 241, 249; 437 NW2d 276 (1989). Therefore, July 31, 1987, was the proper filing date with respect to Warner & Sons.

The period of limitation for an action alleging breach of contract is six years from the time the claim accrues. MCL 600.5807(8); MSA 27A.5807(8). A cause of action for breach of a construction contract accrues at the time work on the contract is completed. *Buckley v Small,* 52 Mich App 454, 455-456; 217 NW2d 422 (1974). In this case, an affidavit filed by Warner & Sons represented that all work performed by Warner & Sons was completed on or before July 1, 1981. This same fact was also established by Employers Mutual's admission under MCR 2.312. Accordingly, commencement of the instant action against Warner & Sons on July 31, 1987, was beyond the applicable period of limitation.

Employers Mutual argues that this Court's decision in *Malesev v Wayne Co Rd Comm'rs,* 51 Mich App 511; 215 NW2d 598 (1974), supports its position on appeal that the instant action was timely filed. We disagree. Citing *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968), this Court held in *Malesev*

that the statute of limitations is three years in all actions for injury to person or property, see MCL 600.5805; MSA 27A.5805, whether they sound in contract or tort. However, the Court held that the action does not accrue until the injuries first become apparent. *Malesev, supra,* pp 512-513. In the present case, Warner & Sons' motion for summary disposition was supported by the following: (1) deposition testimony from one of Employers Mutual's representatives that it first received notice of a claim in June 1983, (2) test results confirming the presence of a leak on July 25, 1984, and (3) Employers Mutual's admission under MCR 2.312 that its subrogee, Murphy Oil, discovered or should have discovered that the tanks were leaking on or before July 1, 1984. Each of these items properly established that there was no issue of fact that Employers Mutual first had notice of the injuries more than three years before commencement of its action against Warner & Sons.

Accordingly, we conclude that Employers Mutual's claims against Warner & Sons were properly dismissed under MCR 2.116(C)(7) on the ground that they were barred by the applicable statute of limitations.

While our ruling with regard to the statute of limitations issue effectively renders it unnecessary for us to address the remaining grounds on which summary disposition was granted, we will nevertheless do so briefly.

The trial court concluded that there was no issue of fact that Warner & Sons neither supplied, nor negligently installed, the fuel storage tank that leaked. We conclude that this ruling was proper, but only by virtue of Employers Mutual's admission under MCR 2.312. The evidence otherwise submitted on these issues was inconclusive and left open a question of fact.

Regarding the express warranty claims, we find that summary disposition was proper under MCR 2.116(C)(10) because Employers Mutual failed to provide factual support for its claim that any express warranties were made. Finally, with respect to Employers Mutual's implied warranty claims, we find that summary disposition was appropriate under MCR 2.116(C)(8), given the absence of allegations in the complaint that any implied warranties were breached, and also under MCR 2.116(C)(10), given Employers Mutual's admission under MCR 2.312 that no warranties were in fact made.

Accordingly, we conclude that the trial court did not err in granting Warner & Sons' motion for summary disposition against Employers Mutual.

## II. PETROLEUM AND COHAGEN'S APPEAL
### (DOCKET NO. 117395).

Petroleum and Cohagen claim that the trial court erred in granting Warner & Sons' motion for summary disposition of their claims for contribution and indemnification.

While Petroleum and Cohagen conceded below that they could not maintain a claim for express contractual indemnification, they contend on appeal that summary disposition was improperly granted with respect to their claims for common-law and implied contractual indemnification. We disagree. The complaint brought by primary plaintiffs Murphy Oil and the Bowens alleged active negligence by Petroleum and Cohagen, and did not allege a breach of duty by Warner & Sons for which Petroleum and Cohagen could be held responsible as a matter of law. Furthermore, Petroleum and Cohagen's third-party complaint against Warner & Sons denied active negligence, did not

allege vicarious liability, and did not allege either a special relationship or course of conduct between the parties. Therefore, Petroleum and Cohagen's third-party complaint failed to state a claim for either common-law or implied contractual indemnification, and summary disposition under MCR 2.116(C)(8) was appropriate. See *Williams v Litton Systems, Inc,* 433 Mich 755; 449 NW2d 669 (1989), and *Gruett v Total Petroleum, Inc,* 182 Mich App 301, 306; 451 NW2d 608 (1990), rev'd on other grounds 437 Mich 875 (1990).

We conclude, however, that summary disposition should not have been granted with respect to Petroleum and Cohagen's claim for contribution.

MCL 600.2925a; MSA 27A.2925(1) provides a right to contribution where two or more persons become jointly or severally liable in tort for the same injury to person or property. Contribution is available whether the acts of the tortfeasors are separate, independent, or concurrent, and may include tortfeasors who are liable in tort on separate legal theories. *O'Dowd v General Motors Corp,* 419 Mich 597, 604-605; 358 NW2d 553 (1984). All that is necessary is that the tortfeasors commonly share a burden of tort liability. *Id.*

Here, the trial court granted summary disposition under MCR 2.116(C)(10), reasoning that it had already determined that there was no factual issue regarding whether Warner & Sons supplied or installed the leaking fuel tank. As we noted previously, apart from Employers Mutual's admission under MCR 2.312, the submitted evidence was inconclusive regarding whether Warner & Sons supplied or installed the leaking fuel tank. Specifically, evidence was submitted showing that Warner & Sons may have supplied at least two of the three 8,000-gallon fuel tanks. In addition, as the trial court noted, the evidence was "persuasive

that Warner did, in fact, excavate, install, and bury the tanks." We agree with Petroleum and Cohagen that Employers Mutual's admission under MCR 2.312 could not be used against them, because we find that under MCR 2.312(B)(1) it is only against the party to whom a request for admission has been served that a matter may be deemed admitted.

In reviewing a motion under MCR 2.116(C)(10), a court must give the benefit of every reasonable doubt to the nonmoving party, and should grant the motion only where it is impossible for the claim to be supported by evidence at trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988). In this case, we find that the evidence submitted created a factual issue regarding whether Warner & Sons supplied or installed the storage tanks. Accordingly, it was error to grant summary disposition of Petroleum and Cohagen's claim for contribution.

### III. WARNER & SONS' CROSS APPEAL (DOCKET NOS. 117264 AND 117395).

Finally, Warner & Sons' claim that the trial court erroneously denied its motion for costs under MCR 2.405(D)(1) is controlled by this Court's recent decision in *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357; 466 NW2d 404 (1991), which held that an award of costs is not available under MCR 2.405 to a party who is granted judgment pursuant to a ruling on a motion for summary disposition. Accordingly, we find no error.

Affirmed in part and reversed in part.