**In re Alfred SCHUREK and Helen Schurek, Debtors.**

**James D. ARTHUR, on Behalf of Ralph O. BOLDT, Trustee, Plaintiff,**

**v.**

**Alfred SCHUREK, et al., Defendants.**

**Ralph O. BOLDT, Trustee, Plaintiff,**

**v.**

**Alfred SCHUREK, et al., Defendants.**

**Bankruptcy No. 89–08732–A7.**
**Adv. No. 91–90836–A7.**

United States Bankruptcy Court, S.D. California.

April 23, 1992.

Terry Loftus, Herring, Spear & Loftus, San Diego, Cal., for Alfred Schurek, debtor.

Lionel P. Hernholm, Jr., San Diego, Cal., for debtors.

Alan L. Austin, J. Douglas Austin, Austin, Hinderaker, Hackett & Hopper, Watertown, S.D., L. Scott Keehn, Charles F. Robbins, Robbins & Keehn, San Diego, Cal., for Ralph O. Boldt, trustee.

Ralph O. Boldt, San Diego, Cal., trustee.

## AMENDED MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

### FACTS

Defendants, in a fraudulent conveyance action, have moved to dismiss the complaint on the ground that it was filed after the running of the statute of limitations. This is a core matter under 28 U.S.C. § 157.

Debtors filed a Chapter 7 petition on November 9, 1989. On December 13, 1989, a trustee was appointed. The appointment started the § 546(a)(1) statute of limitations on the trustee's power to commence avoidance actions. Plaintiff, Creditor James D.

Arthur, alleges a fraudulent conveyance by the debtors prior to bankruptcy.

A few days before the running of the statute of limitations, the trustee hired creditor's counsel as his own for the limited purpose of pursuing this avoidance action. In his haste to file the complaint, counsel misnamed the plaintiff as "JAMES D. ARTHUR on behalf of RALPH O. BOLDT, Trustee." An amended complaint was filed changing the name of the plaintiff to "Ralph O. Boldt, Trustee." The amended complaint also deleted or modified several paragraphs so as to remove all references to Arthur.

Defendants (debtors and their transferees) moved to dismiss the complaint on the ground that the amendment does not amend the complaint but, in fact, states a new and separate claim belonging to the trustee, which was filed after the statute of limitations expired. Counsel representing the trustee and Arthur argues that the two pleadings state a single claim belonging to the trustee—the second merely correcting a technical error in the first.

 The Court rejects both of these positions. The Court will treat both pleadings as being what they purport to be. As to the original complaint, the Court will treat it as having been filed by the creditor. Counsel serving two clients is charged with knowledge of who he represents when he files papers with the court. As to the amendment to the complaint, this Court will treat it as just that: An amendment and not a new complaint.

The original complaint was filed before the running of the statute of limitations. The amendment was filed after the running of the statute of limitations. If the amendment does not relate back to the date of filing of the original complaint, the trustee's action will be time-barred. Federal Rule of Civil Procedure 15(c) governs the relation back of amendments substituting parties.

## ISSUE

The issue in this case is whether Rule 15(c) permits an amendment substituting the plaintiff to relate back to the date the original complaint was filed.

## DISCUSSION

Counsel for the creditor and the trustee urge the Court to apply the holdings in *In re Glacier Bay*, 746 F.Supp. 1379, 1391 (D.Alaska 1990), and *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir.1982). In *Glacier Bay*, the court held that new plaintiffs may be added to a complaint when the new plaintiffs "are similarly situated to the original plaintiffs." In *Raynor Bros.*, the court held that an amendment substituting plaintiffs will relate back when the original plaintiff and the substituted plaintiff have "sufficient identity of interest." Neither case controls because they were both decided under the 1966 version of Rule 15(c).

A new version of Rule 15(c) which took effect December 1, 1991, governs the amendment to the complaint filed in the present case. Rule 15(c), as amended, reads in pertinent part: [1]

(c) **Relation Back of Amendments.** *An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or* (2) [Whenever] the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, [the amendment relates back to the date of the original pleading.] or (3) [An] *the* amendment [changing] *changes* the party *or the naming of the party* against whom a claim is asserted [relates back] if the foregoing provision (2) is satisfied and, within the period provided by [law] Rule 4(j) for [commencing the action against] *service of the summons and complaint,* the party to be brought in by amendment

1. Because we need to carefully distinguish between the 1966 version and the 1991 version, we reproduced the rule with the added material in italics and the removed material enclosed in brackets.

[, that party] ([1]A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and ([2]B) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party....

The Committee Notes to the 1991 amendment, referring to paragraph (c)(3), read: This paragraph has been revised to change the result in *Schiavone v. Fortune*, [477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)][2] with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4([j]) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the placing with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4([j]) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

■ For a plaintiff seeking to amend a complaint to substitute a party, the 1991 version of Rule 15(c) can have the effect of extending the statute of limitations to the end of the period for serving a summons and complaint provided by Rule 4(j)[3]—currently 120 days. The amendment in the present case was filed 20 days after the original complaint and 18 days after the running of the statute of limitations. This is within the extension period created by the 1991 version of Rule 15(c).[4]

■ Like the 1966 version of Rule 15(c), the 1991 version only explicitly addresses amendments that substitute defendants. And, like its predecessor, the 1991 version of the Rule must be applied to plaintiffs by analogy.[5] When applying the rule by analogy to plaintiffs, the test for deciding whether to allow an amendment to relate back is as stated in Rule 15(c)(3)(A)— whether "the [defendant] has received such notice of the institution of the action that the [defendant] will not be prejudiced in maintaining a defense on the merits."

■ In the present case, we must then ask 1) did the defendants receive notice of the institution of the action and, 2) how much will the defendants be prejudiced by the substitution of the trustee in place of the creditor? The Court finds the requisite notice and no prejudice. First, as to notice, the original complaint notified the defendants of the institution of the fraudulent conveyance action. Furthermore, the appearance in the original complaint of the trustee's name as the beneficiary notified the defendants of the trustee's interest in the case. Second, as to prejudice, the defendants have alleged none and the record is devoid of any evidence of prejudice. The Court notes the intent of the drafters to

**2.** In *Schiavone* the court held that the plain language of Rule 15(c) made it impossible for an amendment filed after the running of the statute of limitations to relate back to the original date of filing.

**3.** This is true only when the statute of limitations runs between the date of filing and the end of the period specified by Rule 4(j). This Opinion does not address the case in which the statute of limitations runs after the Rule 4(j) period.

**4.** Only if the amendment had been filed beyond the newly-created extension period would it be necessary to decide whether the criteria laid out in *Glacier Bay* and *Raynor Bros.* had been met.

**5.** The Committee Notes to the 1966 amendment state in part:

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

have cases decided on the merits and, absent some particular reason to suspect prejudice, she will not search for prejudice *sua sponte.*

Having found notice and no prejudice to the defendants, the Court holds that the amendment substituting the trustee in place of the creditor relates back to the date the original complaint was filed. Defendants' motion to dismiss the complaint is denied.

Counsel for plaintiff is directed to prepare and file an order in conformance with this Memorandum Decision within ten (10) days of its entry.