**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:                  Justices:
Clifford W. Taylor          Michael F. Cavanagh
                                       Elizabeth A. Weaver
                                       Marilyn Kelly
                                       Maura D. Corrigan
                                       Robert P. Young, Jr.
                                       Stephen J. Markman

FILED APRIL 25, 2007

BUDDY MILLER, II,

     Plaintiff-Appellant,

v                                No. 130808

CHAPMAN CONTRACTING, RAMZY
KIZY, JR., KEVIN R. PAPERD, and
SWEEPMASTER, INC.,

     Defendants-Appellees.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

In this case, plaintiff's attorney erroneously named plaintiff, instead of his bankruptcy trustee, as the plaintiff in this lawsuit. After the period of limitations expired, defendants moved to dismiss the case, pointing out the failure to name plaintiff's bankruptcy trustee in the lawsuit. Plaintiff filed a motion to amend the complaint to substitute the bankruptcy trustee as plaintiff, but the trial court dismissed the lawsuit. The Court of Appeals affirmed. We likewise affirm. MCR 7.302(G)(1). In doing so, we adopt as our own the following unpublished opinion per curiam of the Court of Appeals, issued February 16, 2006 (Docket No. 256676).

Plaintiff appeals as of right from the trial court order denying his motion to amend his complaint and granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(5) based on lack of standing. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff's complaint alleged that on December 28, 2000, defendant Kevin Paperd was operating an automobile that was owned by one or more of the remaining defendants when he negligently struck plaintiff's vehicle, causing plaintiff to suffer a serious impairment of an important body function and/or serious permanent disfigurement. Defendants sought summary disposition pursuant to MCR 2.116(C)(5), contending that plaintiff was not the real party in interest and lacked standing to sue. Defendants alleged that plaintiff had filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code [11 USC 701 *et seq.*] on March 6, 2002, and that all of plaintiff's rights regarding the December 28, 2000, accident were therefore transferred to the bankruptcy trustee, who was the sole party who could pursue the lawsuit.

In response, plaintiff filed a motion for leave to file an amended complaint in order to correct the "misidentification" of the named plaintiff. Plaintiff stated that Wendy Turner Lewis, the trustee for his bankruptcy estate, had authorized plaintiff's counsel to file a complaint on behalf of the bankruptcy estate, and that counsel, through no fault of plaintiff or Lewis, had misidentified the plaintiff.

The trial court entered an order denying as futile plaintiff's motion to amend and granting defendants' motion for summary disposition, stating:

"There is no dispute the real party in interest is the bankruptcy trustee, not Plaintiff. Thus, the issue is whether Plaintiff should be granted leave to amend to add the bankruptcy trustee.

"Under MCR 2.118(A)(2), leave to amend pleadings should be freely given when justice so requires. Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile. *Ben [P]Fyke & Sons v Gunter [Co]*, 390 Mich 649; 213 NW2d 134 (1973). In [*Employers Mut Cas Co v Petroleum*

2

*Equipment, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991)], the court held that 'Although an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D), the relation-back doctrine does not extend to the addition of new parties.'

"The court is satisfied that because the bankruptcy trustee was the real party in interest prior to the filing of the Complaint, this is a motion to add a party and is not merely a request to correct a misnomer. Thus, the court finds that based on the binding precedent in *Employers*, the amendment would be futile as the addition of the new party cannot relate back to the original Complaint."

MCR 2.201(B) provides that, generally, "[a]n action must be prosecuted in the name of the real party in interest . . . ." "A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Blue Cross & Blue Shield of Michigan v Eaton Rapids Comm Hosp*, 221 Mich App 301, 311; 561 NW2d 488 (1997). "This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy." *[City of] Kalamazoo v Richland Twp*, 221 Mich App 531, 534; 562 NW2d 237 (1997). It is undisputed that the bankruptcy trustee is the real party in interest and that she should have been named as the plaintiff.[1]

MCR 2.118(A)(2) provides that leave to amend a pleading "shall be freely given when justice so requires." But "leave to amend a complaint may be denied for particularized reasons, such as . . . where amendment would be futile." *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998).

MCR 2.118(D) provides:

"An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading."

However, "[t]he relation-back doctrine does not apply to the addition of new parties." *Cowles v Bank West*, 263 Mich App 213, 229; 687

3

NW2d 603 (2004)[ aff'd in part, vacated in part, and remanded 476 Mich 1 (2006)]; see also *Employers Mutual, supra* at 63.

Plaintiff contends, nevertheless, that the requested amendment would do no more than correct a misnomer and that the *Employers Mutual* rule therefore does not bar the amendment and its relation back. "'As a general rule, . . . a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties.'" *Parke, Davis & Co v Grand Trunk Ry System*, 207 Mich 388, 391; 174 NW 145 (1919) (citation omitted). The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, "'[w]here the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name . . . .'" *Wells v Detroit News, Inc*, 360 Mich 634, 641; 104 NW2d 767 (1960), quoting *Daly v Blair*, 183 Mich 351, 353; 150 NW 134 (1914); see also *Detroit Independent Sprinkler Co v Plywood Products Corp*, 311 Mich 226, 232; 18 NW2d 387 (1945) (allowing an amendment to correct the designation of the named plaintiff from "corporation" to "partnership")[,] and *Stever v Brown*, 119 Mich 196; 77 NW 704 (1899) (holding that an amendment to substitute the plaintiffs' full names where their first and middle names had been reduced to initials in the original complaint would have been permissible). Where, as here, the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable. See *Voigt Brewery Co v Pacifico*, 139 Mich 284, 286; 102 NW 739 (1905); *Rheaume v Vandenberg*, 232 Mich App 417, 423 n 2; 591 NW2d 331 (1998).

_____

[1] See 11 USC 541; 11 USC 323;[*In re Cottrell*], 876 F2d 540 (CA 6, 1989)*.*

_____

Moreover, this Court adds that MCR 2.118(D) specifies that an amendment relates back to the date of the original pleading only if it "adds a claim or a defense"; it does not specify that an amendment to add a new party also relates

back to the date of the original pleading.[1]  Consequently, the Court of Appeals correctly affirmed the judgment of the trial court that the amendment to substitute plaintiff's bankruptcy trustee as plaintiff after the expiration of the period of limitations would be futile.  Therefore, the decision of the Court of Appeals is affirmed.

Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

_____

[1] Justice Kelly contends that, because MCR 2.118(D) does not specifically forbid an amendment to add a new party to relate back, this Court may rely on the "purpose" and "basic policy" of the relation-back rule and the statute of limitations.  This overlooks, however, that the "purpose" and "basic policy" of a court rule, as with other expressions of the law, are normally communicated by their language.  In particular, it has been long understood that the expression of specific exceptions to the application of a law, as here, implies that there are no other exceptions.  See *Hoerstman General Contracting, Inc v Hahn*, 474 Mich 66, 74 n 8; 711 NW2d 340 (2006) (stating the interpretative rule *expressio unius est exclusio alterius*, i.e., "the expression of one thing is the exclusion of another").

Moreover, Justice Kelly's assertion that this Court is "allow[ing] gamesmanship to take precedence over the orderly disposition of an injured party's cause of action," *post* at 1, simply ignores that defendants in their answer to plaintiff's complaint provided plaintiff with notice of the defect that the wrong plaintiff had been named 12 days before the period of limitations expired.  Justice Kelly's appeal to FR Civ P 15(c) is also inapposite, because the language of the federal rule is altogether different from MCR 2.118(D).  The current federal rule allows for the relation back of amendments to add a party "against whom a claim is asserted," whereas MCR 2.118(D) does not.  Although Justice Kelly also cites the 1937 version of FR Civ P 15(c), that version allowed an amendment to relate back "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence" in the original pleading.  In contrast, MCR 2.118(D) only allows an amendment to relate back if the amendment "*adds* a claim or a defense."  (Emphasis added.)  Justice Kelly ignores this dispositive difference.

STATE OF MICHIGAN

SUPREME COURT

BUDDY MILLER, II,

      Plaintiff-Appellant,

v

No. 130808

CHAPMAN CONTRACTING, RAMZY
KIZY, JR., KEVIN R. PAPERD, and
SWEEPMASTER, INC.,

      Defendants-Appellees.

_____

WEAVER, J. (*dissenting*).

I would deny leave to appeal in this case because to do otherwise would create an injustice.

I believe that the bankruptcy trustee in this case is not a "new party" in the sense of "another party" being added by amendment of the complaint. Rather, the amendment in this case simply involves replacing the wrongly named plaintiff, "Buddy Miller," with the correct name of Buddy Miller's bankruptcy trustee, "Wendy Turner Lewis." As a result, any caselaw discussing whether the relation-back doctrine applies to adding plaintiffs to a suit is immaterial because a new plaintiff is not being added.

The Michigan Court Rules do not address the protocol for addition of parties to a suit. This Court has opened an administrative file to consider whether

we should adopt, or not adopt, a rule amending the Michigan Court Rules to govern the addition of a party to a suit.

Elizabeth A. Weaver

S T A T E   O F   M I C H I G A N

SUPREME COURT

BUDDY MILLER, II,

      Plaintiff-Appellant,

v                                                                     No. 130808

CHAPMAN CONTRACTING, RAMZY
KIZY, JR., KEVIN R. PAPERD, and
SWEEPMASTER, INC.,

      Defendants-Appellees.

_____

KELLY, J. (*dissenting*).

A majority of the Court has affirmed the dismissal of this suit on the basis of a contrived legal technicality. It has misread MCR 2.118. In extinguishing the valid claim, it has allowed gamesmanship to take precedence over the orderly disposition of an injured party's cause of action. The result is sad. I respectfully dissent and would reverse the lower courts' judgments, allow trustee Wendy Turner Lewis to be substituted as the party plaintiff, and enable the case to proceed to trial.

FACTS

Plaintiff Buddy Miller, II, was injured when the automobile in which he was traveling was struck by another driven by defendant Kevin R. Paperd. The vehicle that Paperd was operating was owned by one or more of the other defendants. On March 6, 2002, plaintiff filed a voluntary petition for personal

bankruptcy under Chapter 7 of the Bankruptcy Code.  11 USC 701 *et seq*.  Lewis was appointed trustee of plaintiff's estate and all of plaintiff's rights regarding the accident were transferred to her.  Lewis retained an attorney to bring suit to recover the damages that plaintiff sustained from the accident.  On October 22, 2003, a lawsuit was filed.

Service of the lawsuit on defendants was timely.  However, the complaint identified Miller as the party plaintiff.  Trustee Lewis should have been the named plaintiff.  In an affidavit, Lewis's attorney has taken full responsibility for the error.

On December 16, 2003, fewer than two weeks before the statutory period of limitations expired, defendants answered the complaint.  They specifically raised as an affirmative defense that plaintiff Miller lacked standing to bring suit against defendants because trustee Lewis was the real party in interest.  After the limitations period expired, defendants filed a motion for summary disposition.  In response, plaintiff Miller sought to amend the complaint to substitute trustee Lewis as the party plaintiff.

The circuit court denied the motion to amend and granted defendants' motion for summary disposition.  The court found that it would be futile to allow the complaint to be amended, because the limitations period had run.  It ruled that the needed amendment would not relate back to the date of the filing of the complaint.  The Court of Appeals affirmed the judgment in an unpublished

2

opinion per curiam, issued February 16, 2006 (Docket No. 256676). The majority

has adopted the opinion as its own.

ANALYSIS

It is undisputed that it would be futile to allow the substitution of Lewis for

Miller unless the amendment related back to the date of the filing of the complaint.

Thus, the issue that controls the resolution of this case is whether relation back

applies to an amendment that substitutes a party plaintiff. A majority of this Court

has decided that it does not. This is an erroneous decision, one that allows a

miscarriage of justice to go uncorrected.[1] As Justice Hugo Black of the United

States Supreme Court has observed, the "'principal function of procedural rules

should be to serve as useful guides to help, not hinder, persons who have a legal

right to bring their problems before the courts.'" *Schiavone v Fortune*, 477 US 21,

27; 106 S Ct 2379; 91 L Ed 2d 18 (1986), quoting order adopting revised rules of

the Supreme Court, 346 US 945, 946 (1954).

_____

[1] The Michigan Court Rules provide at MCR 1.105 that the "rules are to be construed to secure the just . . . determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties." The result reached in this case is anything but just. In their answer, defendants stated that the trustee, not Miller, was the real party in interest. This is proof that they had full notice of the proper party plaintiff before the limitations period ran. Yet, defendants waited until after the period of limitations had expired to bring their motion for summary disposition. Although this proved an effective strategy, it illuminates what is wrong with the majority's decision. By allowing defendants to prevail with a statute of limitations defense, this Court has elevated the skill level of defendant's counsel over the pursuit of justice.

MCR 2.118

MCR 2.118 is the court rule that deals with amendments of pleadings. In relevant part, it provides:

(A) Amendments.

* * *

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

The court rules make no mention of whether a substitution of parties relates back to the date the original complaint was filed. The majority's chief reliance for its finding that the court rules do not permit a substitution of parties to relate back is MCR 2.118(D). It reads:

Relation Back of Amendments. An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

But MCR 2.118(D) applies only to amendments that add a claim or defense. The amendment in this case does neither. The original complaint asserted a claim arising from Buddy Miller's automobile accident. Had the substitution that plaintiff requested been allowed, the complaint would have continued to assert the same claim, no other. Not only would no claim or defense have been added, no party would have been added. Before the amendment, there was one party plaintiff. After the substitution, there still would have been only one party plaintiff. Simply, Lewis would have been substituted for Miller.

4

Contrary to the majority's statement, MCR 2.118(D) does not limit relation back only to new claims or defenses. Rather, it is silent with respect to whether relation back can apply to added or substituted parties.

Although admittedly in a different context, this Court has previously allowed relation back where the amendment changed the named party. In the case of *Wells v Detroit News, Inc*,[2] the Court remarked, "'While due diligence is required in pleadings of the plaintiff in the description of the parties, and pleadings still serve a necessary purpose, nevertheless, where no one has been misled in any manner by a misnomer, the amendment should be permitted.'"[3] *Id.*, quoting *Fildew v Stockard*, 256 Mich 494, 498; 239 NW 868 (1932). Accordingly, the majority's claim that relation back is not allowed because the rules do not specifically allow it is unpersuasive and inconsistent with precedent.

Because the court rules are silent with respect to whether a substitution of parties relates back, it is appropriate to identify what best effectuates the principle underlying the relation-back doctrine. The purpose of relation back is to deprive defendants of the opportunity to defeat a valid claim by using a legal technicality when the rationale for the statute of limitations has been met. 6 Michigan Law &

---

[2] 360 Mich 634, 641; 104 NW2d 767 (1960).

[3] The majority finds that relation back is proper when the amendment corrects a misnomer, as in *Wells*, but not when the amendment substitutes a party, as it does here. However, when no one has been misled and the opposing party has full notice, the distinction is indefensible.

Practice, Civil Procedure, § 37, pp 69-70; *Smith v Henry Ford Hosp,* 219 Mich App 555, 558; 557 NW2d 154 (1996).

Relation back "'satisfies the basic policy of the statute of limitations, because the transactional base of the claim must still be pleaded before the statute runs, thereby giving defendant notice within the statutory period that he must be prepared to defend against all claims for relief arising out of that transaction.'" *LaBar v Cooper*, 376 Mich 401, 406; 137 NW2d 136 (1965), quoting Honigman & Hawkins, 1 Michigan Court Rules Annotated, p 416.

In this case, allowing the amendment to relate back to the date of the filing of the complaint is consistent with the general principle underlying the relation-back doctrine. Moreover, it does not transcend the purpose of the statute of limitations, which is to "'prevent[] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'"[4] *Cowles v Bank West*, 476 Mich 1, 21; 719 NW2d 94 (2006),[5] quoting *American Pipe & Constr Co v Utah*, 414 US 538, 554; 94 S Ct 756; 38 L Ed 2d 713 (1974) (further citation omitted).

_____

[4] The majority offers no reason other than its reading of MCR 2.118(D) for its decision that relation back does not apply to amendments that substitute parties.

[5] The majority cites the Court of Appeals decision in *Cowles* for the proposition that relation back does not apply to the addition of new parties. The holding in *Cowles* is inappropriate for a number of reasons. First, the statement was dictum since the Court of Appeals majority found that the amendment did not add new parties. Second, this case involves substituting one party for another, not adding new parties.

It is uncontested that defendants had notice of the claim and knew that trustee Lewis was the real party in interest. None of the facts concerning the accident and no part of the legal basis of the claim would change as a result of the amendment. Because defendants had notice and were not misled, it is illogical to conclude that the Legislature wrote the limitations statute intending that it be used as it has been here.

FEDERAL RULE OF CIVIL PROCEDURE 15

When MCR 2.118 was first adopted, it was modeled after Federal Rule of Civil Procedure 15.[6] As this Court noted, "'Sub-rule 118.4 is intended to introduce a more liberal and workable test, borrowed from the Federal Rules.'" *LaBar*, *supra* at 405, quoting 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 416. The current version of MCR 2.118(D) closely resembles Federal Rule 15(c).[7] Significantly, neither the current version of MCR 2.118(D) nor the 1937 version of Federal Rule 15(c) specifically addresses relation back of amendments that substitute parties. Despite this omission, federal courts have interpreted the 1937 version of Federal Rule 15(c) as allowing relation back of

---

[6] The predecessor of MCR 2.118 was adopted in 1963 as GCR 1963, 118.

[7] Federal Rule 15(c), promulgated in 1937, stated:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

7

amendments changing parties.[8]  In 1966, Federal Rule 15(c) was amended to address amendments of pleadings that change or rename party defendants.[9]  The advisory committee notes to the 1966 amendments indicate that the new provision formally recognized the validity of permitting amendments to change parties to relate back.

> Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading.  [Advisory Committee Notes to FR Civ P 15(c).]

---

[8] See *Russell v New Amsterdam Cas Co*, 303 F2d 674, 680-681 (CA 8, 1962); *Jackson v Duke*, 259 F2d 3, 6-7 (CA 5, 1958); *American Fidelity & Cas Co v All American Bus Lines, Inc*, 190 F2d 234, 236-237 (CA 10, 1951).

[9] Federal Rule 15(c), as amended in 1966, provided in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*  [Emphasis added.]

The amendment did not mention relation back when the change involves a party plaintiff. However, the advisory committee notes reveal that the omission of plaintiffs from 15(c) does not preclude relation back in such circumstances.

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. [*Id.*]

While committee notes do not bind this Court, they do serve as an instructive aid to interpretation. *Shields v Reddo*, 432 Mich 761, 778; 443 NW2d 145 (1989). The foregoing committee notes and federal caselaw support construing MCR 2.118(D) to allow relation back of amendments involving plaintiffs.

In its current form, Federal Rule 15(c) continues to support the use of the relation back rule for amendments substituting plaintiffs. Unlike MCR 2.118(D), Federal Rule 15(c)[10] specifically addresses and allows relation back when a party defendant is substituted. It provides, in part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

_____

[10] The federal rule was amended to its current form in 1991.

9

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In 1992, the United States Bankruptcy Court for the Southern District of California applied Rule 15(c) to allow the complaint to be amended to change the named party plaintiff in *Arthur v Schurek*, 139 BR 512 (1992). There, a trustee had filed a fraudulent conveyance claim only days before the statutory period of limitations was to expire. *Id.* at 513-514. In his haste to file, counsel denominated the plaintiff as "James D. Arthur on behalf of Ralph O. Boldt, Trustee." *Id.* at 514. The trustee later filed an amended complaint, which changed the name of the plaintiff to "Ralph O. Boldt, Trustee." *Id.* The defendants moved to dismiss the amended complaint, asserting that it instituted a new and separate claim belonging to the trustee, which was filed after the expiration of the limitations period. *Id.*

The *Arthur* court denied the motion, noting that "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) . . . ." *Id.* at 515 n 5. However, by analogy, the court found the test to be "whether 'the [defendant] has received such notice of the institution of the action that the [defendant] will not be prejudiced in maintaining a defense on the merits.'" *Id.* at 515. The original complaint in *Arthur* notified the defendants of

the institution of the fraudulent conveyance action. Also, the defendants alleged no prejudice.

Hence, the bankruptcy court found, by analogizing with rule 15(c), that the amendment substituting the trustee relates back to the date of the filing of the original complaint. *Arthur*, 139 BR at 515-516. In *Arthur*, the defendant was not misled and had full notice of the identity of the real party in interest. The decision illustrates that, under those circumstances, no reason exists to refuse to apply relation back to an amendment that substitutes the named party plaintiff.[11]

CONCLUSION

I would reverse the lower courts' judgments, allow the substitution of trustee Lewis as the party plaintiff, and remand the case for trial. The majority's reliance on MCR 2.118(D) is ill-founded because that rule does not address the substitution of a party.

Relation back should be allowed in this case because it is consistent with the general principle underlying the relation-back doctrine: defendants had full notice of the proper party plaintiff within the statutory period of limitations and were not misled by counsel's error in naming Miller. As Justice Black, speaking for the United States Supreme Court, stated "[t]here is no reason to apply a statute

_____

[11] Other federal cases applying relation back to an amendment that changes the named plaintiff are *Advanced Magnetics, Inc v Bayfront Partners, Inc*, 106 F3d 11, 18-21 (CA 2, 1997); *SMS Fin, Ltd Liability Co v ABCO Homes, Inc*, 167 F3d 235, 244-245 (CA 5, 1999); and *Plubell v Merck & Co*, 434 F3d 1070, 1071-74 (CA 8, 2006).

11

of limitations when, as here, [defendants have] had notice from the beginning that [plaintiff] was trying to enforce a claim against [them]." *Tiller* v *Atlantic Coast L R Co*, 323 US 574, 581; 65 S Ct 421; 89 L Ed 465 (1945).

Trustee Lewis has a valid claim. The majority should not read words into MCR 2.118 in such a manner as to deny Lewis her day in court.

Marilyn Kelly
Michael F. Cavanagh

12